BRADLEY, Judge.
This is a divorce case.
The parties to this appeal were granted a divorce on September 25,1981. The divorce decree awarded the husband the mobile home in which the parties lived during the marriage, its furnishings, and his personal property, including a pickup truck, a Volkswagen automobile, and two or three head of cattle. In addition, the husband was awarded the entire interest in forty acres of farmland, ten acres of which he obtained from his mother by gift, and the remaining thirty acres of which he had purchased from his three brothers. Title to the farmland was previously held jointly in both parties’ names. The wife was awarded all of her personal property, including her automobile and a deep freezer. She was also awarded $3,000.00 for her interest in the marriage, including her interest in the jointly-held farmland.
The wife appeals from that distribution of property, alleging that the trial court abused its discretion in awarding her only $3,000.00 for her interest in the jointly-owned farmland. She contends that she should have been awarded $4,500.00 for her interest in the farmland. We disagree, and affirm the trial court’s decision.
The facts indicate that the parties were married for a period of two and one-half years. No children were born of the marriage. The husband was employed by L & N Railroad, and earned approximately $17,-000.00 to $18,000.00 a year. The wife *1161 worked at a nursing home, earning minimum wage.
The husband’s mother had apparently inherited a tract of farmland consisting of approximately forty acres. The mother subsequently gave each of her four sons ten acres of the property, reserving for herself a life estate in a few acres. The husband arranged to purchase his brothers’ interests in the land, and thereafter acquired the entire forty acre tract for a total price of around $30,000.00. Title to the forty acres was taken jointly in both the husband’s and the wife’s names.
Testimony indicates that the husband alone, financed the purchase of the land, executing a mortgage on the property with his mother. The wife made no payments on the mortgage. The husband stated that the land in its entirety was valued at $40,000.00. The wife testified that the forty acres, if sold, would bring only $25,000.00 to $30,-000.00. The evidence is unclear as to the remaining balance on the mortgage, although there is some indication that the husband still owes approximately $21,-000.00.
The rule is that the division of property in a divorce ease is within the discretion of the trial court and its decision will not be disturbed absent proof of palpable abuse of that discretion. Parker v. Parker, 392 So.2d 229 (Ala.Civ.App.1980). An equal division of the property is not required, but an equitable division of the property should be made according to the nature of the case. Lindsey v. Lindsey, 361 So.2d 601 (Ala.Civ.App.1978). The facts show that the wife received one-third of the equity in the real property and, based on the short length of time the parties were married, the source of the property, and the contributions made to the marriage, we find such amount to be an equitable award for the wife’s interest in the property.
The husband’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.