EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The wife sought a divorce on the ground of incompatibility. After an ore tenus trial the circuit court granted the divorce and divided the property of the parties. The wife’s only issue upon appeal is that she contends that her award of property was inequitable.
In viewing the record with the attendant presumptions which are accorded the trial court’s action, the following pertinent evidence is revealed.
The marriage lasted for thirty-one years. The husband is fifty-one years of age and the wife is fifty-eight. Good health is enjoyed by both except for some foot trouble. The parties had one child, who is now an adult.
They recently sold a plumbing shop and each received $7,500 from the sale proceeds.
The husband has constantly worked and frequently held two jobs at the same time. He always supported the family. The wages of the husband constituted the source of all of the property owned by the parties. Apparently, the wife was a good housewife. After their separation the wife became employed for the first time since their marriage.
Assets at the end of the marriage, other than the moneys received from the sale of the shop, consisted of a vacant lot worth about $4,500, a 1974 Caprice automobile, a 1976 one-ton truck, a bass boat, nice furniture, and their home. The three thousand square foot brick home was constructed by the husband. Their house mortgage has a present balance of $6,300. That residence consists of a living room, dining room, large den, game room, kitchen, three bedrooms, three baths, and a garage. The husband testified that the home was worth around $110,000.
The trial court ordered that the residence of the parties be sold at a private negotiated sale for no less than $105,000, with the mortgage indebtedness against it and the sale expenses to be paid from the sale proceeds. Sixty percent of the net balance was ordered paid to the wife and forty percent to the husband. Pending the sale, the wife was awarded the use of the residence and furniture, with the husband being required to currently maintain the mortgage debt and home insurance. The parties were directed to equitably divide the furniture. The wife was awarded the Caprice car and the husband evidently received the vacant lot, truck, and boat.
Certain well-known and oft-applied legal principles govern our decision in this matter. While a division of the property of the parties in a divorce case must be equitable according to the circumstances of the case, it need not be equal. A wide discretion is given to the trial court in making a property division. On appeal of divorce cases which were personally heard by the trial court, we are not allowed to alter the trial court’s division of the property of the parties unless it was unsupported by the evidence or was palpably wrong. *572 Hale v. Hale, 489 So.2d 160 (Ala.Civ.App.1983).
We have studied the entire brief record in this case. The trial court did not abuse its discretion. An equitable property division was made — in fact, the wife received a greater award of property than did the husband. The evidence supports the decision of the trial court, which was neither unjust nor palpably wrong. We affirm the judgment of the trial court.
The foregoing-opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.