WRIGHT, Presiding Judge.
This is a divorce case.
Appellee-cross-appellant, Ann Dobbs (wife) and appellant-cross-appellee, Burson Dobbs (husband) were married in 1960 and separated in 1982. They have no children. In Winston County Circuit Court wife filed for divorce on grounds of (1) incompatibility and (2) cruelty, actual and threatened, and sought a division of property, including real estate, an insurance business, an automobile dealership and other general relief.
In November 1983, following a trial, the court rendered a divorce decree which gave wife the marital home valued at about $100,000.00, $55,000.00 in cash and allowed her to keep her own cash assets and jewelry. The court awarded the remainder of the property to husband.
Husband filed timely notice of appeal. After thirty days elapsed and husband had not paid wife the $55,000.00 nor surrendered possession of the marital residence, wife petitioned the court to order execution and enforce the terms of the decree. Husband filed a supersedeas bond. Wife filed a cross-appeal. Husband has moved to dismiss the appeal. The motion is opposed with a request to affirm the judgment in all respects except for the cross appeal. The motion to dismiss the appeal is denied. Husband has not filed brief in support of his appeal. We therefore affirm insofar as his appeal. We consider the issues of the cross-appeal.
ON MERITS
On cross-appeal, the essential question is whether the trial court erred in its division of marital assets. Wife contends (1) that her award is inadequate, (2) that the court did not adequately consider the assistance she gave in helping to acquire the marital property, (3) that since husband was also at fault in contributing to the failure of the marriage, the element of fault should be disregarded and (4) that wife should be awarded between thirty-three percent and fifty percent of their combined estates as well as attorney fees.
Alabama courts have consistently held that judgments in divorce cases heard ore tenus are presumed correct and will not be disturbed on appeal unless palpably in error or unsupported by legal evidence. See, Williams v. Williams, 445 So.2d 570 (Ala.Civ.App.1984); Smith v. Smith, 369 So.2d 1235 (Ala.Civ.App.1978), cert. denied, 369 So.2d 1239 (Ala.1979). Wide discretion is given to a trial court in making a property division in a divorce case. Kilpatrick v. Kilpatrick, 411 So.2d 158 (Ala.Civ.App. 1982). Moreover, an equal division of property is not required in a divorce case, but rather an equitable division of property should be made according to the nature of the case. Willoughby v. Willoughby, 413 So.2d 1160 (Ala.Civ.App. 1982). In exercising discretion to divide property in a divorce case, a trial court may consider such factors as the earning capacity of the parties, their future prospects, their age, health, and duration of marriage, their standard of living, value and type of property and conduct of the parties. Butts v. Butts, 418 So.2d 161 (Ala.Civ.App.1982).
In our review of the record and consideration of the parties’ ages, health, earning capacity and future prospects for maintaining a standard of living reasonably comparable to their past standard of living, we do not find the court’s division of property either unsupported by the evidence or inequitable.
The record indicates that husband had the following assets: a Ford dealership worth approximately $780,265.00, a one- *874 half interest in Dobbs-Thrasher Insurance Agency, a one-half interest in a condominium valued at $20,000.00, a one-half interest in a marital residence valued at approximately $45,000.00, and a one-third interest in an airplane valued at approximately $5,000.00. Husband also had various bank accounts in the approximate amount of $137,000.00 and outstanding loans from various banks in the approximate amount of $233,000.00.
The record further reveals that at the time of trial the wife had a one-half interest in their condominium valued at $20,-000.00, a one-half interest in the marital residence valued at approximately $45,-000.00, jewelry worth about $18,000.00 and $30,000.00 in cash. At the time of trial wife had no significant debts.
Wife is a vocational education supervisor with the State Department of Education with twenty-four years’ experience and tenure. She earns $29,000 in annual salary, and may retire in six years. She is in good health. Husband is fifty-three years old. Within the last year he has undergone hernia and by-pass heart surgery. Each party appears able to live adequately within the terms of the divorce decree without any significant loss of status accustomed to during marriage.
Each argues the fault of the other in causing the breakdown of the marriage. It is unnecessary, however, to delve into each incident of misbehavior or indiscretion, for when testimony regarding fault is in conflict and on both sides, a trial court is not required to determine relative fault in its division of marital property. Faught v. Faught, 423 So.2d 242 (Ala.Civ.App.1982).
Finding evidence in the record to support the trial court’s decision and that its decision is not unjust, we therefore affirm the trial court’s judgment in all respects and remand for the determination of liability under the supersedeas bond filed.
The wife’s request for attorney fees on appeal is granted in the sum of $500.00.
AFFIRMED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.