This is a divorce case. The only issue on this appeal concerns the failure of the trial court to award to the husband any interest in the home used by the parties.
Under the attendant presumptions which must be accorded the trial court's decision, the following is pertinently revealed upon that issue.
The parties married each other the first time in 1976 and were divorced in August 1980. The wife was awarded their Apple Wood home. She was ordered to pay $10,000 to the husband for his equity in it. That payment has not been made. The husband conveyed the house to her by quitclaim deed. They resumed cohabitation in November 1980. Everyone has treated the resumption of their relationship as constituting a remarriage. They separated in January 1983. No children resulted from either of their marriages.
In 1981, the wife traded the Apple Wood house by using it as a $20,000 down payment upon a home in Springville which had a total purchase price of $75,000. The closing costs of $1,800 were paid by the wife. Title to the Springville property was taken only in the wife's name, and she is solely responsible for the note and mortgage, upon which there is a present balance of $53,800. She has made all of the monthly payments of $578 upon that mortgage except that the husband paid for one-half of that monthly expense from November 1981 through the year 1982. During part of their second marriage he monetarily contributed towards some of the household expenses and improvements.
The husband had a poor credit rating and could not borrow from lending institutions because he had bankrupted in 1972. The wife executed a note to enable the husband to purchase a used 1977 Ford pickup truck which has a present balance due against it of $506. Additionally, the husband desired to buy a boat, and the wife borrowed the funds for its purchase for him and, upon default, she paid the balance due upon it of about $5,600. Since their second marriage, the wife made twenty-four monthly payments of $225 each on behalf of the husband which are required by court judgments for the support of his children by a former marriage.
The wife was the primary provider of money for the family during some of their first marriage and during all of their second marriage. She has worked for the same employer since the 1960's and presently has an annual salary of $33,400. On the other hand, the husband's employment has been sporadic at times with multiple job changes. In 1981, the husband contributed between twenty-five and thirty percent of the income of the family; however, that increased in 1982 when he earned almost $24,000. The husband had three different employers during their second marriage and was unemployed from January 1983 until their divorce in September 1983. Husband disputes portions of this summary of the evidence.
After an ore tenus trial, the circuit court divorced the parties for incompatibility and awarded to the husband a 1977 Toyota automobile, the 1977 Ford pickup truck *Page 183 
(with the husband to pay the balance of the debt against it), the pleasure boat, and various items of household furniture, appliances and accessories. The husband was divested of any right, title, claims or interest in and to the wife's real estate. The wife received the remainder of the personal property which largely consisted of her automobile and household items. The husband appealed.
While a division of the property of the parties in a divorce case must be equitable according to the circumstances of the case, it need not be equal. Much discretion is granted to a trial court in dividing the property. Where the trial court presides over an ore tenus evidentiary divorce trial and an appeal is perfected from a final judgment, we are not allowed to change the trial court's divisions of the property of the parties unless it was so unsupported by the evidence as to be clearly wrong. Williams v. Williams, 445 So.2d 570
(Ala.Civ.App. 1984); Hale v. Hale, 439 So.2d 160 (Ala.Civ.App. 1983); Taylor v. Taylor, 434 So.2d 269 (Ala.Civ.App. 1983).
We have reviewed the entire record and we have studied the briefs of concerned counsel. We find no abuse of discretion by the trial court upon the issue in question. After considering the relative income and employment record of the parties, the awards of property which were made to each of the parties, the fact that the wife paid the entire financed purchase price of around $5,600 for the boat which was granted to the husband, and the payments of the support for the husband's children which were made by the wife in the amount of $5,400, it appears that an equitable property division was effected by the final judgment. There was much credible evidence which upheld the trial court's decision. It was neither unjust nor palpably erroneous for the trial court to fail to award to the husband either an interest in the Springville property or money from the wife in lieu thereof. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.