HOLMES, Judge.
This is a domestic relations case.
After an ore tenus hearing, the trial court entered an order granting the husband’s petition for an option to purchase the marital home and determining the wife’s equity in the home to be $3,000. The wife appeals and we affirm.
The dispositive issue on appeal is whether the trial court erred in its valuation of the wife’s interest in the parties’ jointly owned home.
Viewing the record with the attendant presumptions, we find the following facts are pertinently revealed:
The couple was divorced in 1972. The divorce decree provided that the trial court retained jurisdiction over the couple’s real property, but otherwise made no disposition of the property.
After the divorce the husband continued to live in the marital home. The husband paid the $77 monthly mortgage payment and maintained the home. In addition, the husband made improvements to the home. These improvements and repairs totalled approximately $10,537.
The home was built in 1959 on property conveyed to the parties by the husband’s parents. The house was encumbered by a $10,200 mortgage at the time of construction. The balance owed on the mortgage when the parties were divorced was $7,749. The home has been appraised at $28,000.
It is a well-settled rule of domestic relations law that the division of property in a divorce action is within the sole discretion of the trial court. See Phillips v. Phillips, 489 So.2d 592 (Ala.Civ.App.1986). Additionally, the trial court’s determination of the division of marital property will not be revised or reversed on appeal except for a palpable abuse of discretion. See Crippen v. Crippen, 485 So.2d 335 (Ala.Civ.App. 1986).
Furthermore, when the trial court has been presented testimony ore tenus, “[t]he judgment cannot be altered on appeal if it is supported by legal evidence, unless the trial court’s decision was palpably wrong.” Smith v. Smith, 429 So.2d 1080, 1081 (Ala. Civ. App.1983).
We note that in the instant case the house was built in 1959 for $10,200. At the time of the parties’ divorce, there was $7,749 owing on the original mortgage debt. The husband remained in the home after the divorce and made all payments relative to the home. The wife made no contribution toward the mortgage payments on the home subsequent to the divorce.
Additionally, the husband made improvements and repairs to the home after the divorce that totalled approximately $10,537. The wife made no contribution toward the expense of these repairs and improvements.
We note that there was evidence that the house was appraised at a value of $28,000. The wife’s equity in the home was determined to be $3,000. Given the above mentioned evidence, we can find no error in the trial court’s determination of the value of the wife’s interest in the home. The trial court is not required to make an equal division of the property, only an equitable one. See Weaver v. Weaver, 460 So.2d 181 (Ala.Civ.App.1984). While the determination of the wife’s interest in the instant case is certainly not equal, it is not so disproportionate, in light of the facts, that this court can find such an abuse of discretion as to require reversal.
The wife has requested an attorney’s fee for representation on appeal. In view of the above, this request is denied.
Therefore, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.