This is a divorce case.
After an ore tenus hearing the trial court divorced the parties, awarded the wife custody *Page 589 
of the couple's four minor children, required the husband to pay child support, and made a division of property. The husband, through able counsel, appeals the trial court's decree on the custody, child support, and property division issues, and we affirm.
The dispositive issue is whether the trial court so abused its discretion in the awards of custody and child support and in the division of property as to require reversal. We find no such abuse of discretion as to require reversal and accordingly affirm.
The parties were married for approximately fourteen years. There were four children of the union: a four-year-old boy and three girls ages 6, 8, and 12.
The husband is 39 years old. He is employed by Monsanto Company as an electronics technician earning approximately $2,200 a month. He also serves in the National Guard, earning an additional $300 per month.
The wife is 33 years old, and worked very little outside the home after the marriage. However, prior to the separation she entered the pre-nursing program at a local community college. Her only income at the time of trial was $65 a week earned babysitting a friend's children, $40-$50 a month earned tutoring, and some money from cake decorating.
 I
Evidence was presented that both parents were fit custodial parents. As indicated, the trial judge awarded custody to the wife, finding that the wife "could provide for a more stable and routine method of caring for and controlling the children than is presently provided." The trial court found that the arrangements the husband had made for the care of the children during the separation were awkward and not in the best interests of the children. After having reviewed the record we find these actions of the trial court to be supported by the evidence.
In a child custody case, the issue of paramount importance is the best interest of the child. Reaves v. Reaves, 399 So.2d 311
(Ala.Civ.App. 1981). The determination of the custody issue is addressed to the sound discretion of the trial judge, and when such discretion is exercised after an oral hearing of the evidence, the decision will not be set aside unless it is so contrary to the evidence as to be clearly and palpably wrong.Fassina v. Fassina, 401 So.2d 113 (Ala.Civ.App. 1981); Reavesv. Reaves, 399 So.2d 311 (Ala.Civ.App. 1981). Furthermore, when the trial court must resolve conflicts in the facts testified to, it is not for this court to substitute its judgment for that of the trial court. Sutton v. Sutton, 55 Ala. App. 254,314 So.2d 707 (1975).
 II
In providing for child support the trial court fixed the husband's monthly obligation at $150 per child, or $600. In addition, the trial court required the husband to provide health and dental insurance coverage for the children, to pay any health and dental costs not covered by the insurance provided, to pay the first and second mortgage and one-half of all maintenance or repair bills on the family home, and to make the remaining payments on the family station wagon. The husband complains that this burden is excessive.
"The duty of the [trial] court to make provision for the maintenance and education of minor children is evident and its powers are broad." Hardy v. Hardy, 46 Ala. App. 253, 256,240 So.2d 601, 605 (1970). In providing for child support, the trial court must consider the needs of the children and the ability of the parent to pay. Butts v. Butts, 418 So.2d 161,164 (Ala.Civ.App. 1982). The child support decision is committed to the sound discretion of the trial court; unless there is plain and palpable abuse of that discretion, the trial court's award will not be upset on appeal. Id.
In reviewing the instant case, this court cannot find an abuse of discretion in the child support provisions. As the wife has only a minimal present ability to provide financially for the four minor children, the trial court had no alternative but to *Page 590 
place the obligation on the husband. Therefore, this court must reject the appellant husband's contention that the payments as indicated will be excessive.
 III
This court is likewise unable to find error in the property division portion of the divorce decree. The wife was granted possession of the family home (and furnishings) until the youngest child reaches majority, the wife remarries, or the wife voluntarily vacates the premises. At that time the residence will be sold and the proceeds divided equally between the parties. The wife was also given title to the family station wagon, and the husband was ordered to pay all outstanding debts of the parties.
A property division need not be equal, but it must be equitable and graduated according to the nature of the particular case. Hinds v. Hinds, 415 So.2d 1122, 1127
(Ala.Civ.App. 1982). This court can find no abuse of discretion in the division of property, especially since the use of the family home and car is given to the custodial parent. See,e.g., Cranton v. Cranton, 347 So.2d 997 (Ala.Civ.App. 1977);Hardy v. Hardy, 46 Ala. App. 253, 240 So.2d 601 (1970). Accordingly, the judgment below is due to be affirmed.
The wife has requested an attorney's fee for representation on appeal. A fee of $350 is hereby awarded.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.