This is a case involving an award of alimony and a property settlement.
Appellant, wife, and appellee, husband, were married in 1953. Four children were born of the marriage, all of whom have attained majority. Husband was in the military service during most of the marriage. He attended night school over a nine-year period of time, eventually completing three master's degrees. Upon retiring from the military, husband began a career in real estate and has accumulated seventeen years of experience in that field. *Page 1025 
Wife completed the eighth grade and recently obtained her GED and a real estate license. She has worked part time over the last three years.
In May 1983, wife filed for divorce, alleging incompatibility and an irretrievable breakdown of the marriage. She also filed a motion to place proceeds of real estate sales in escrow with the court. Colonial Bank moved to intervene, seeking reimbursement in the amount of $7,875 for a worthless check, punitive damages in the amount of $20,000, interest, costs and a reasonable attorney's fee. Colonial's motion was granted. Trial was held and a final decree of divorce granted on October 26, 1983. The court denied wife's motion to alter, amend, or vacate the decree or in the alternative to grant a new trial. In response to wife's petition for emergency hearing regarding alimony pending appeal, the trial judge denied her alimony pending appeal but ordered that $2,500 of the money held in escrow be released to wife. Wife appeals.
Wife contends the trial court erred (1) in its property settlement, (2) in the amount of periodic alimony awarded and (3) in the failure to award wife any of the husband's military retirement benefits.
We note the applicability of the ore tenus rule to the case. That is, the judgment of the court following an ore tenus trial is presumed correct on appeal. Wilson v. Wilson, 404 So.2d 76
(Ala.Civ.App. 1981). It will not be reversed unless without support of evidence or it is unjust. The division of property and granting of alimony is within the sound discretion of the trial judge. Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App. 1980). The division of property does not have to be equal. It is only required to be equitable, with each case decided on its own facts and circumstances. Parker v. Parker, 392 So.2d 229
(Ala.Civ.App. 1980).
The decree provided for the division of property as follows: Wife received realty located at 2909 Lansdowne Drive, 308 W. Rutgers Loop, 309 Dewanee Court, 5604 E. Shades Valley, 3711 Cotton Street, a lot on Highland Park, a time share unit at the shore and six burial plots. Husband was awarded title to the following realty: 230 Noble Avenue, 3219 McGhee Road, 2637 Overhill Road, a lot at Rolling Hills and 125 Golf Terrace in Mobile. Title to the properties was vested in the respective parties subject to existing mortgages which each is to assume and pay. The court awarded joint interest to the 20% interest in Home Traders, the 25% partnership interest in the AGLJ Company and the 11% interest in Arrowhead Investment Company. If these interests be sold, the net proceeds are to be split equally, as is any income derived from the property. Wife was awarded all rights to the second mortgage derived from the sale of the Gaston Avenue property.
The decree provided that Colonial Bank of Montgomery was to be paid from funds held in escrow and that any remaining sums be equally divided. Husband is to assume responsibility for any tax consequences arising from the sale of the realty which produced the proceeds on deposit with the Deputy Register. Wife was also awarded ownership of a 1973 Cadillac and a 1979 Dodge van, and husband was awarded a 1981 Cadillac. Wife was awarded all household furniture and fixtures. Husband is awarded sole and exclusive right, title and interest to the homeowner's franchise, as well as his clothes and personal effects. Each party received his own burial plot.
As periodic alimony husband is to pay wife $1,000 per month for six consecutive months, beginning November 15, 1983. On May 15, 1984, that alimony will decrease to $500 per month. Wife was awarded $3,000 for an attorney's fee. Husband is to maintain $100,000 life insurance on himself, with his wife as irrevocable beneficiary, as long as she does not remarry. Husband is to be responsible for payment of all marital debts incurred through September 1, 1983.
The judgment of the court, when viewed in light of the circumstances of this case, does not present an abuse of discretion. Despite the disparate contention of *Page 1026 
the parties that the other received the best of the division, there is evidence that both should be able to live and rebuild their lives upon the division of property and their individual earning capacities. Divorce does not always leave the parties so fortunate.
With regard to the wife's contention that she should have been awarded some of husband's military retirement benefits, we observe that we have previously said that military retirement benefits are proper sources of income from which to pay periodic alimony. Edwards v. Edwards, 410 So.2d 91
(Ala.Civ.App. 1982). However, the court is not obligated to designate a percentage of retirement benefits to that end. Finding no abuse of discretion, we affirm the trial court's judgment.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.