This is a divorce case.
Hilda Jean Stricklin and Howard Edward Stricklin were married on January 31, 1979, having lived together since December 1977, about the time of Mr. Stricklin's divorce from his first wife. They separated on April 21, 1983. No children were born of the marriage though both had children by previous marriages. Mrs. Stricklin filed for divorce on April 26, 1983 alleging violence on Mr. Stricklin's part, death threats, incompatibility of temperament, and drunkenness. The divorce was granted on October 11, 1983. In its decree the trial court awarded the wife $14,000 as alimony in gross and $2,000 attorney's fees. Wife appeals. She says that the trial court erred in not awarding her periodic alimony, a division of the marital property, some personal effects, and her future medical expenses. Wife also says that the trial court awarded her an inadequate amount of alimony in gross.
Husband has requested this court to strike certain statements from wife's brief as being outside the record. We deny the motion but assure appellant that we will consider only evidence contained in the record on appeal.
In divorce cases the ore tenus rule is well established. Where the trial court hears the testimony, its judgment is presumed correct on appeal, and its decision will not be overturned unless it is unsupported by the evidence or is palpably wrong. Puckettv. Puckett, 437 So.2d 1298 (Ala.Civ.App. 1983); Perkins v.Perkins, 419 So.2d 593 (Ala.Civ.App. 1982).
The award of alimony and division of property are matters within the trial court's discretion and will not be revised on appeal absent abuse of that discretion. Masucci v. Masucci,435 So.2d 120 (Ala.Civ.App. 1983). In deciding whether to award alimony, the trial court may take into account such factors as the earning ability of the parties, their future prospects, age, health, duration of the marriage, their standard of living, and their conduct during the marriage. Winfield v. Winfield,415 So.2d 1111 (Ala.Civ.App. 1982); Williams v. Williams,389 So.2d 141 (Ala.Civ.App. 1980).
The evidence contained in the record reveals the following facts:
The marriage was of short duration, about four years; both parties are young and in good health; each party has children by a previous marriage. *Page 811 
The relationship of the parties was stormy even before the marriage. They fought prior to the marriage, with wife once pulling a gun on husband. Both parties admit they fought a lot after they were married; both admit they struck the other. Wife says she struck husband for every time she was struck, and that "it was pretty much equal on the fighting part." She once pulled a gun and shot several times at husband's feet.
Husband is an officer for the Security Trust and Savings Bank in Brilliant, Alabama. He owns 2,872 shares of stock in the bank with a book value of $54 a share, but he still owes $38,000 on the stock. In addition, there is evidence in the record that the bank's financial condition may be questionable. Such evidence would support a finding that the stock's worth was much less than its book value.
Husband has been involved in several other businesses, but this involvement came about prior to the marriage, and those he is presently involved in are not doing well financially. One of them is close to losing its equipment, for which husband is personally liable in the amount of $120,000. Husband's other debts raise his total indebtedness to about $230,000. Furthermore, wife says she knows of no company husband is involved with that is currently making money.
Although wife has less than a high school education, she does have about six years' work experience and is actively involved in the operation and management of Winfield Frozen Foods.
Considering the age of the parties, the duration of the marriage, the relative fault of both parties before and during the marriage, that no children were born of the union, and the relative financial condition of both parties, we are unable to say that the trial court was palpably wrong in not awarding the wife periodic alimony, in not requiring husband to pay wife's future medical expenses, and in the amount of alimony in gross awarded to her.
Wife next says that the trial court erred in failing to award her any of the marital property.
There are no fixed standards for dividing the parties' property in a divorce case. Each case must be decided on its own peculiar facts and circumstances. Sprinkle v. Sprinkle, 441 So.2d 974
(Ala.Civ.App. 1983). The division of property does not have to be equal but it should be equitable. Wells v. Wells, 428 So.2d 88
(Ala.Civ.App. 1983). In arriving at an equitable division of property, the trial court may consider the same factors as are considered in making the decision to award alimony. Winfield,supra. They are set out above and will not be repeated here.
The marital home and the sixty acres of land on which it sits were conveyed by both the parties during their marriage to husband's sister and brother-in-law. Likewise a riverfront lot and house owned by husband were conveyed by the parties during their marriage to husband's sister. Husband owns a small lot with a relatively unprofitable car wash on it, and he is a one-third owner of the Brilliant Bituminous Coal Corporation, which owns some property that cost about $60,000 and has an outstanding mortgage of $40,000.
As noted above, husband's total indebtedness amounts to about $230,000.
Based on the above evidence we cannot say that the trial court abused its discretion in refusing to award any property to the wife. We find this conclusion to be supported by the fact that the parties are young and in good health, the four year marriage, and the relative fault of the parties contributing to the breakup of the marriage.
As to wife's contention that the trial court erred in not specifically awarding her jewelry and other personal effects belonging to her, we consider it reasonable for the trial court to have concluded that these items belonged to and were owned by wife and did not require an order. In other words, if these items of property belonged to wife prior to the divorce they are still *Page 812 
her property after the divorce absent a decree to the contrary.
Finding no reversible error, the judgment of the trial court is affirmed.
Wife's request for an attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.