This is a divorce case.
The husband, through able and distinguished counsel, appeals from a divorce decree entered by the Circuit Court of Lowndes County. The trial court awarded custody of the parties' two minor children to the wife, divided the parties' property, and ordered the husband to pay alimony and child support.
The husband contends that the trial court's actions regarding the division of property, the awards of alimony and child support, and visitation privileges are erroneous and require reversal. We find no error requiring reversal and affirm.
Initially, we note that in reviewing this case we are bound by what may be called the "ore tenus rule." When a divorce case has been presented to the trial court ore tenus, the judgment of the trial court as to all matters of alimony, division of property, and custody is clothed with a presumption that it is correct, and that judgment will not be set aside unless it is so contrary to the evidence as to be clearly wrong or unjust.Stricklin v. Stricklin, 456 So.2d 809 (Ala.Civ.App. 1984);Abrell v. Abrell, 454 So.2d 1024 (Ala.Civ.App. 1984); Brand v.Brand, 444 So.2d 866 (Ala.Civ.App. 1984); Mansell v. Mansell,437 So.2d 588 (Ala.Civ.App. 1983). If there is legal evidence to support the trial court's determination and that determination is not unjust, this court must affirm. Rose v.Rose, 440 So.2d 566 (Ala.Civ.App. 1983).
Under this standard of review, we have adjudged each of the husband's contentions on appeal. We will attempt to separately state the facts pertinent to each issue raised by the husband as each is discussed below.
 I
The husband was at the time of the divorce President of the Fort Deposit Bank. In addition to this occupation, he operated a private loan business, both out of the parties' home and his office at the bank.
Evidence was presented at the trial that the husband's private loan business began when his father transferred to him certain loans the father had privately made. The father had engaged in the private loan business for many years himself. The husband's father had also requested that the husband manage the father's loans for him, and the evidence showed that the husband did manage these loans and collect sums due on them.
In its final decree, the trial court ordered the husband to file with the court quarterly reports, showing the income derived from these loans, and to pay to the wife one-third of the income derived from the loans. The court's order covers those loans which the husband concedes are his and those which he alleges are owned by his father and merely managed by him.
On appeal, the husband argues that the court's order should not apply to those loans of his father and that there was not sufficient evidence to show that those loans should be considered the property of the husband.
We disagree. The evidence before the trial court was conflicting. Separate books for the husband's loans and those alleged to be his father's were introduced at trial, and the husband insisted in testimony that each loan owned by his father could be easily identified and was maintained separate and apart from his own loans. Further evidence was introduced by the wife, however, showing that in certain instances loans alleged to be the husband's father's were secured by mortgages to the husband. Additionally, a ledger was introduced in which payment records of the loans of both the husband and his father were maintained together. The trial court resolved this conflicting evidence by finding that all the loans should be considered the property of the husband and subject to the decree's one-third payment requirement. Under these circumstances, it is not for this court to substitute its judgment for that of the trial court. Rose, 440 So.2d at 567;Mansell, 437 So.2d at 589. *Page 429 
 II
The husband further charges that the trial court erred in its division of the property and in the amounts established for alimony and child support. The court awarded the wife approximately half of the parties' personal property from the family home, awarding the home itself to the husband, and it awarded the wife the family Cadillac, title to which had been transferred to her prior to the divorce. It further ordered the husband to pay the wife $25,000 alimony in gross, $750 per month periodic alimony for five years or until the wife's remarriage, whichever is earlier, and $1,500 per month child support until the children reached majority. These sums are in addition to the payment quarterly of one-third of the income derived from the husband's loan business.
The division of property is committed to the sound discretion of the trial court. Stricklin, 456 So.2d at 810; Abrell, 454 So.2d at 1025. This court will not alter the trial court's judgment as to the division of the property or substitute its judgment therefor, unless the trial court's decision is so unsupported by the evidence as to be palpably wrong or an abuse of discretion is shown. Hale v. Hale, 439 So.2d 160
(Ala.Civ.App. 1983); Kaiser v. Kaiser, 434 So.2d 264
(Ala.Civ.App. 1983); Faught v. Faught, 423 So.2d 242
(Ala.Civ.App. 1982). Moreover, the division of the parties' property need not be equal, but merely equitable depending upon the circumstances of each particular case. Stricklin, 456 So.2d at 811; Abrell, 454 So.2d at 1025; Mansell, 437 So.2d at 590.
Without rendering an opinion as to whether the husband is correct in his calculation that the wife was given two-thirds of the family's property, due in part to the very complicated and vague business dealings of the husband, we find no error or abuse of discretion in the trial court's division of that property. In determining the proper division of property, the trial court should look at several factors, including the age, sex and health of the parties, the length of the marriage, the parties' future prospects, and the parties' standard of living during the marriage and the potential for maintaining that standard after the divorce. Masucci v. Masucci, 435 So.2d 120
(Ala.Civ.App. 1983); Hinds v. Hinds, 415 So.2d 1122
(Ala.Civ.App. 1982). See Stricklin, 456 So.2d at 811. The trial court had substantial evidence upon which to base its division of the property, including the fact that the parties had been married for fifteen years, that they enjoyed a prominent station in Fort Deposit society, and that the husband had more than sufficient assets to make the property settlement with his wife. The husband himself introduced into evidence at the trial his "personal financial statement," showing a net worth of $175,471.73. The husband's own evidence establishes his ability to easily make the required property settlement with the wife.
As with the division of property, the award of alimony in gross, periodic alimony, and child support are matters within the discretion of the trial court and will not be set aside by this court unless plainly and palpably wrong. Duke v. Duke,457 So.2d 432, 434 (Ala.Civ.App. 1984); Stricklin, 456 So.2d at 810; Abrell, 454 So.2d at 1025; Brand, 444 So.2d at 867;Mansell, 437 So.2d at 589.
In determining whether and how much alimony to award, the trial court should consider the same factors, some of which are noted above, which it considers in making a division of the parties' property. Duke, 457 So.2d at 434; Lochridge v.Lochridge, 448 So.2d 378, 380 (Ala.Civ.App. 1984). In determining how much child support to award, the trial court should consider particularly the needs of the children and the paying parent's ability to pay. Mansell, 437 So.2d at 589.
We find no error by the trial court as to the award of $25,000 alimony in gross, $750 a month periodic alimony, and $1,500 a month child support. It had ample evidence that the wife was entitled to said sums. Not only were the parties prominent members of Fort Deposit society, but *Page 430 
they also enjoyed a high standard of living. The wife was unaccustomed to working outside the home. Although there was some conflicting testimony, the trial court had much undisputed evidence of the wife's and children's needs in Mobile, where they now reside. There was also sufficient evidence establishing the husband's ability to pay the sums required.
The husband himself introduced at trial an exhibit showing his income from 1980 through 1983 and his 1984 estimated income. That evidence shows that, even without income from the husband's private loan business, interest earned on savings, or dividends, his income in 1981 was at least $67,388 and in 1982 was at least $87,000. In addition, there is apparently evidence that the monthly income in 1983 from the private lending business ranged from approximately $7,000 to $12,000 per month. While there was certain conflicting testimony as to the husband's current spendable income, the trial court's resolution of these conflicts is supported by the evidence and is presumed to be correct. Rose, 440 So.2d at 567. We will not now substitute our judgment for that of the trial court. The husband himself estimated that his 1984 net spendable income, after the payment of taxes and debts, would be $37,086, which is more than sufficient to meet the monthly alimony and child support obligations.
 III
In that part of its order in which the trial court granted the wife $25,000 alimony in gross, it also provided that she be allowed to retain the $50,000 already given to her by the husband and that said amount would be considered as support and alimony during the period of separation and as payment of the wife's attorneys' fees. On appeal, the husband argues that the trial court abused its discretion in allowing the wife to retain the $50,000 for either of these purposes.
The husband argues that the wife should not be allowed to retain the $50,000 as alimony pendente lite because her testimony at trial did not establish that her expenses during the period of separation amounted to $50,000. The husband argues that she should not be allowed to keep said sum as attorneys' fees because her attorneys failed to file an answer to the complaint and request attorneys' fees until the last day of trial. Prior to the actual filing of a written answer, the trial court allowed testimony regarding the wife's attorneys' fees, to which the husband voiced strong objection.
We note that the award of both alimony pendente lite and attorneys' fees for the wife's attorneys is controlled by the sound discretion of the trial court based upon the facts of each particular case. Ryan v. Ryan, 271 Ala. 243, 123 So.2d 102
(1960). Attorney's fees are an expense, as other necessary expenses, upon which an award of alimony pendente lite is based. Smith v. Smith, 57 Ala. App. 615, 330 So.2d 439
(Ala.Civ.App. 1976).
We cannot say that the trial court abused its discretion in allowing the wife to retain the $50,000 in this case as support and alimony during the period of separation, with her attorneys' fees included as a necessary expense during that period. The husband's argument that the wife's claim for attorneys' fees was made too late may be well taken. Nevertheless, if the trial court erred in allowing the $50,000 to be retained for attorneys' fees, such error was a harmless one. Rule 45, Alabama Rules of Appellate Procedure. The undisputed testimony of both parties was that in August 1983 the husband voluntarily, at the wife's request, gave her the $50,000. Technically, therefore, this money was already owned by the wife, was not part of the property division or allowance of alimony in gross, and could be used by the wife however she pleased. See Stricklin, 456 So.2d at 811 (holding that property which belonged to wife prior to divorce was still her property after divorce, unless court decreed otherwise). Hence, we find no reversible error with regard to the matter of the $50,000. *Page 431 
 IV
At the time of the trial, the parties' two children each owned certificates of deposit in their own names at the Fort Deposit Bank, approximating $45,000 each. In its final order, the trial court required that the certificates be turned over to the register of the court, who was directed to place the certificates with the trust department of a national bank in Mobile, the children's present residence. The certificates are to be managed by the Mobile bank and used for the children's college educations.
The husband has never contended that the monies represented by the certificates of deposit do not belong to the children. On appeal, however, he contends that the trial court erred in ordering the removal of the certificates from the Fort Deposit Bank.
The husband's position is untenable. Custody of the children, which is not challenged by the husband, has been given to the wife, who now resides with the children in Mobile. The protection of these minor children's separate estates comes within the trial court's wide discretion in child custody matters, the primary concern of which is the welfare and best interest of the children. Fry v. Fry, 451 So.2d 344, 346
(Ala.Civ.App. 1984); Monk v. Monk, 386 So.2d 753, 755
(Ala.Civ.App.), cert. denied, 386 So.2d 756 (Ala. 1980). There is no abuse of that discretion where the trial court has ordered the placement of the children's monies with a disinterested and qualified trustee in the children's new place of residence.
 V
The husband's final argument is that the trial court erred in granting him only "reasonable visitation rights," rather than setting forth in the divorce decree specific dates and times for visitation. His argument is essentially that, because the parties' relationship is so "strained," the granting of reasonable visitation will not work.
By his argument, the husband would have this court assume or predict that the parties cannot agree upon reasonable visitation, when the evidence in the record does not support such an assumption. The husband's argument should be reserved for a later date. If the parties in fact cannot agree upon reasonable visitation, then and in that event, the husband may file a motion to modify, and the trial court may, if appropriate, alter its decree and set forth specific dates and times for visitation. Meanwhile, no abuse has been shown of the trial court's broad discretion in establishing visitation rights. Butler v. King, 437 So.2d 1300 (Ala.Civ.App. 1983);Ellison v. Ellison, 48 Ala. App. 80, 261 So.2d 911 (Ala.Civ.App. 1972).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.