This is a divorce case.
The wife appeals, contending the award of periodic alimony and the division of property are inadequate.
After an ore tenus hearing, the trial court in pertinent part awarded the wife periodic alimony of $500 per month for a period of ten years and, thereafter, for a second ten-year period unless the wife dies, remarries, or cohabits with a member of the opposite sex.
The trial court awarded all of the parties' real estate, which had been jointly owned, to the husband. No real estate was awarded to the wife nor was the wife awarded any monetary sum pursuant to the division of property. Certain personal property not pertinent to this appeal was divided between the parties. We affirm in part and reverse in part.
It is a well-established principle that, when a trial court is presented the evidence in a divorce case ore tenus, its judgment will be presumed to be correct and will not be set aside by this court unless it is so unsupported by the evidence that it is plainly and palpably wrong. Stricklin v. Stricklin,456 So.2d 809 (Ala.Civ.App. 1984); Abrell v. Abrell,454 So.2d 1024 (Ala.Civ.App. 1984); Brand v. Brand, 444 So.2d 866
(Ala.Civ.App. 1984).
Moreover, the award of alimony and the division of property — the two matters complained of by the wife — are committed to the discretion of the trial court, which will not be reversed absent a showing that it has abused its discretion.Stricklin, 456 So.2d at 810; Kyser v. Kyser, 456 So.2d 816
(Ala.Civ.App. 1984); Abrell, 454 So.2d at 1025.
We cannot say that the award to the wife of $500 per month as periodic alimony for the next ten years (and, possibly, the next twenty years) is so palpably wrong as to constitute an abuse of the trial court's discretion. In making an award of periodic alimony, the trial court should consider several factors, including the length of the marriage, the age and health of the parties, the future employment prospects of the parties, the source, value, and type of property owned, and the standard of living to which the parties have become accustomed during the marriage. Duke v. Duke, 457 So.2d 432 (Ala.Civ.App. 1984); Kyser, 456 So.2d at 818; Lochridge v. Lochridge,448 So.2d 378 (Ala.Civ.App. 1984).
In this case the trial court had before it the wife's own testimony that she had secured employment in one of her parents' jewelry stores and expected to earn approximately $900 per month from such work. The husband is a practicing dentist, whose income, while the record is not a paragon of clarity, could have been determined by the trial court to be approximately $3,300 per month.
In addition to the award of alimony, the trial court also ordered the husband to pay the wife, who was given custody of the parties' two minor children, $900 per month as child support. The periodic alimony, when combined with the wife's expected income and the child support, will give the wife and children approximately $2,300 per month on which to live. Under these circumstances, we cannot say that the stated award of $500 per month as periodic alimony constituted an abuse of the trial court's discretion, and we affirm its decision in that regard. *Page 1130 
In making a division of the parties' property, the trial court should consider many of the same factors enumerated above which govern the determination of an award of periodic alimony.Kyser, 456 So.2d at 818; Hinds v. Hinds, 415 So.2d 1122
(Ala.Civ.App. 1982); Wilson v. Wilson, 404 So.2d 76
(Ala.Civ.App. 1981). The property division need not be equal, but it must be equitable and graduated according to the nature of the particular circumstances in each case. Weaver v. Weaver,460 So.2d 181 (Ala.Civ.App. 1984); Stricklin, 456 So.2d at 811;Abrell, 454 So.2d at 1025.
The husband and wife jointly owned both their marital residence and the husband's office building. They apparently owned no other real property. At the trial the wife introduced into evidence, with no objection from the husband, appraisals of both pieces of property which reflected that the "equity value" of their home was $64,885.73 and the equity value of the dental office of the husband was $69,212.83. We note with interest that, in his answer to the complaint for divorce, the husband agreed that the wife should be compensated for her interest in both parcels of real estate, but stated that the parcels should not be sold.
The trial court, however, awarded both pieces of real estate to the husband and made no monetary award as a division of property to the wife. In so holding, the trial court abused its discretion.
Such an inequitable "division" of the parties' real estate is not supported by the evidence. The parties had been married for approximately fourteen years. Though she had worked outside the home during part of this time, it appears that the wife had been the party primarily responsible for maintaining the home. Upon questioning from the trial court itself, the wife testified about the work she had done to improve the residence, including painting it, building a stone wall, and building a brick walkway. The divorce itself was based upon incompatibility, with little, if any, wrongdoing.
We also find it significant that the wife was given custody of the children. The wife told the trial court that the children were accustomed to living in a house and that she desired to buy a house in which they could live, but that she did not have any money with which to do so.
In view of all of the evidence, the award to the husband of both pieces of the parties' realty, which constitutes the vast majority of the parties' assets, without ordering some compensation to the wife is inequitable and unjust to the wife and constitutes an abuse of the trial court's discretion. SeeFuller v. Fuller, 418 So.2d 121 (Ala.Civ.App. 1981), writquashed, 418 So.2d 125 (Ala. 1982); Wilson, 404 So.2d 76;Reynolds v. Reynolds, 376 So.2d 732 (Ala.Civ.App. 1979); Smithv. Smith, 369 So.2d 1235 (Ala.Civ.App. 1978), cert. denied,369 So.2d 1239 (Ala. 1979). The wife is at least entitled to be compensated in an amount equal to one-half of the noted equity in the home. Put another way, the trial court on remand should fashion an award that as a minimum awards the wife $35,000.
We, therefore, reverse that part of the divorce decree which awards to the husband the parties' marital residence and remand to the trial court to enable it to enter an order not inconsistent with the above. We should not be understood as requiring that the residence be sold. We require only that the wife be given an equitable division of property, and we leave it to the trial court's discretion as to how such an award can most fairly be accomplished.
The wife has requested an attorney's fee for representation on appeal. A fee of $1,000 is hereby awarded.
The case is affirmed in part and reversed and remanded in part.
AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1131