This is a divorce case.
The wife appeals from the award of alimony, child support, and the division of property. We affirm.
After an ore tenus hearing, the trial court awarded the wife custody of the parties' minor child, as the parties had stipulated. The court ordered the husband to pay the wife $600 per month child support and $2,000 per month periodic alimony until the wife dies or remarries. It further ordered the husband to pay the wife $138,000 as alimony in gross, payable in installments of $1,150 per month over a period of 120 months.
The parties owned both their primary residence and a beach house. The trial court's division of property consisted primarily of the division of these homes and their contents. Each party was awarded certain personal property.
On appeal the wife argues that each of these awards — periodic alimony, alimony in gross, child support — and the division of property is inadequate in view of the circumstances of the case.
At the outset we note that, in reviewing the judgment by the trial court, we are governed by the well-established ore tenus
rule. Under this rule, when the trial court has been presented evidence in a divorce case ore tenus, its judgment will be presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Nowell v.Nowell, 474 So.2d 1128 (Ala.Civ.App. 1985); Golson v. Golson,471 So.2d 426 (Ala.Civ.App. 1985); Stricklin v. Stricklin,456 So.2d 809 (Ala.Civ.App. 1984); Abrell v. Abrell, 454 So.2d 1024
(Ala.Civ.App. 1984); Brand v. Brand, 444 So.2d 866
(Ala.Civ.App. 1984).
Moreover, the matters of which the wife complains — the award of alimony and child support and the division of property — are all committed to the discretion of the trial court, which will not be reversed absent a showing that it has abused its discretion or that its determination is plainly and palpably wrong. Nowell, 474 So.2d 1128; Golson, 471 So.2d at 429; Duke v. Duke, 457 So.2d 432 (Ala.Civ.App. 1984); Kyser v.Kyser, 456 So.2d 816 (Ala.Civ.App. 1984); Stricklin, 456 So.2d at 810; Abrell, 454 So.2d at 1025.
 I
We find no error in the trial court's award to the wife of periodic alimony, alimony in gross, and child support. *Page 447 
In making an award of periodic alimony and alimony in gross, the trial court should consider several factors, including the age and health of the parties, the source, value, and type of property owned, the length of the marriage, the parties' future prospects, the standard of living to which the parties have become accustomed during the marriage and their potential for maintaining that standard after the marriage, and the parties' conduct. Duke, 457 So.2d at 434; Kyser, 456 So.2d at 818;Lochridge v. Lochridge, 448 So.2d 378 (Ala.Civ.App. 1984);Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App. 1982). In determining how much child support to award, the trial court should consider the needs of the child and the paying parent's ability to pay. Golson, 471 So.2d at 429; Hall v. Hall,445 So.2d 304 (Ala.Civ.App. 1984); Mansell v. Mansell,437 So.2d 588 (Ala.Civ.App. 1983).
The wife argues that the award to her of $2,000 per month periodic alimony, $600 per month child support, and $138,000 alimony in gross payable in monthly installments of $1,150 is inadequate in light of the husband's income for the year prior to their divorce. There was evidence that in 1983 the husband earned over $400,000, but additional evidence revealed that over $300,000 of this income was a one-time bonus and not a usual occurrence. There was also deposition testimony by the husband's superior that the husband's future earning prospects in his present occupation are uncertain and do not appear to be as bright as in the past. From this evidence the trial court could reasonably have concluded that the 1983 income was extraordinary and that alimony and child support should not be based upon that year.
Equally important in the trial court's determination could have been the stipulation of the wife herself that, should she choose to return to work, she could expect to earn approximately $15,000 per year. The evidence showed that the parties' only child was approximately fifteen years of age and that it would, therefore, not be as difficult for her to return to work as would be the case with a younger child.
As for the award of $600 per month child support, the wife cites this court to nothing in the record which would establish needs of the parties' child exceeding $600 per month. We note that such award is, in fact, rather generous in comparison with other child support awards.
In view of all this evidence, regardless of fault, we find no error by the trial court in its award to the wife of periodic alimony, alimony in gross, and child support.
 II
In making a division of the parties' property, the trial court should take into consideration many of the same factors it must consider in determining the amount of periodic alimony.Nowell, 474 So.2d 1128; Kyser, 456 So.2d at 818; Hinds, 415 So.2d at 1125-26.
We cannot say that the trial court's division of the parties' property is so palpably wrong as to constitute an abuse of that court's discretion. Basically, the trial court awarded one home (or the $86,538 proceeds from its sale) and its contents to the wife and awarded the second home (the beach house) and its contents to the husband. The beach house had been appraised for $138,000 to $145,000.
The wife points to the greater value of the beach house than the $86,538 in proceeds she received from the sale of the first home as evidence of the gross unfairness of the property division. She also points to the fact that the husband was awarded most of the parties' liquid assets.
Quite clearly, the division of property was not equal, but it is not required to be equal. Rather, it must be equitable and graduated according to the nature of the particular circumstances in each case. Nowell, 474 So.2d 1128; Weaver v.Weaver, 460 So.2d 181 (Ala.Civ.App. 1984); Stricklin, 456 So.2d at 811; Abrell, 454 So.2d at 1025.
In reviewing the division of the parties' property, we take into consideration the *Page 448 
fact that the husband was ordered to pay the wife $138,000 as alimony in gross, though said amount was payable in monthly installments, in addition to the award of periodic alimony and child support. He was ordered to pay all the unpaid debts of the marriage and to pay the wife's attorney's fee. He was additionally ordered to maintain a $100,000 life insurance policy on his life with the wife as the beneficiary and a $500,000 group life insurance policy on his life with the parties' child as the beneficiary. Moreover, the wife was also awarded several items of valuable personal property, including jewelry and flatware.
In view of the totality of the award, we find no error in the division of the parties' property. See Hall, 445 So.2d at 307, and cases cited therein. Although this court may not necessarily have "divided" the property as the trial court has done, absent abuse of discretion or palpable error, this court will not substitute its judgment for that of the trial court.See Golson, 471 So.2d at 429; Kaiser v. Kaiser, 434 So.2d 264
(Ala.Civ.App. 1983).
 III
We would be remiss in failing to make the following comment. Able counsel for the wife has used portions of both his principal and reply briefs to, in effect, attack the integrity of the learned and distinguished trial judge. He points to nothing in the record which possibly substantiates any of his insinuations.
At the very least, this court finds it most improper of counsel for the wife to inject such matters into appellate briefs, the sole purpose of which is to present to this court the legal issues and arguments involved in the appeal. Quite frankly, our impression of this material is that it was intended to prejudice the decision of this court, and if this was the purpose, we resent counsel's remarks and are disappointed in counsel.
Counsel for the wife has requested an attorney's fee for his representation of her on appeal. Needless to say, such request is denied.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.