L. CHARLES WRIGHT, Retired Appellate Judge.
This is a divorce case.
The parties were married in 1950. In 1981 the parties separated and entered into *373 a separation agreement. In 1985 the husband filed a complaint for divorce. The divorce was granted in March 1986 after a hearing at which the husband and his attorney were present but neither the wife nor her attorney was present.
The March 1986 decree granted the divorce, ordered the husband to pay $1,000 per month in alimony to the wife, awarded the husband all sums on deposit with Merrill Lynch and title to the Fish River property, and awarded the right to exclusive possession of the marital home to the wife. The decree also provided that title to the marital home was to be held jointly with right of survivorship, and that, in the event of a sale, the net proceeds were to be divided equally.
The wife filed a timely motion to set aside the decree with her affidavit outlining pertinent facts in the case and suggested changes in the terms of the March 1986 decree. The husband also filed an affidavit outlining pertinent facts and responding to the wife’s suggested changes.
The trial court issued an amended decree in December 1986. The amended decree provided, in pertinent part, that the husband was to pay $900 per month as alimony to the wife plus the monthly premium on the spousal benefit insurance policy, the monthly benefits of which are to be paid to the wife upon the husband’s death.
The wife filed a motion to set aside the decree because she was not allowed to give live testimony regarding the division of property. She filed another affidavit with this motion. The trial court granted the motion and heard additional testimony in March 1987. Thereafter, the trial court issued an amended decree in September 1987 which awarded the wife one-half of all shares of Alcoa stock or options to purchase same owned by the husband on March 30, 1987, or its cash equivalent and one-half of all savings accounts in existence on March 30, 1987, with the exception of the Merrill Lynch account.
The wife filed a motion for new trial or an amendment of the judgment, which was denied. The wife appeals, alleging that the decree is contrary to the great weight of the evidence and constitutes an abuse of discretion.
The division of marital property is within the sound discretion of the trial court and will not be disturbed on appeal unless the trial court’s determination is so unsupported by the evidence as to be plainly and palpably wrong or an abuse of discretion. Golson v. Golson, 471 So.2d 426 (Ala.Civ.App.1985). The division of property does not have to be equal, only equitable, based upon certain factors considered by the trial court, including the parties’ ages, health, the length of their marriage, their standard of living, and future prospects. Golson, 471 So.2d 426.
The record reveals that the two major assets of the marriage were the Merrill Lynch account and the marital home which was paid for when the husband retired. The wife testified that upon their separation they divided some money and she received approximately $19,000 and the husband received approximately $23,000 which he used to purchase the property at Fish River. The record reveals that the Merrill Lynch account is valued at approximately $66,000 and the marital home is worth somewhere between $84,000 and $140,000.
After carefully reviewing the record, we find no error or abuse of discretion in the trial court’s division of the marital property.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.