L. CHARLES WRIGHT, Retired Appellate Judge.
After an ore tenus hearing, the Circuit Court of Jefferson County entered a final divorce decree and ordered a division of the parties’ property. The husband appeals, contending that the trial court abused its discretion in dividing the property of the parties.
The trial court awarded the wife the jointly-owned home of the parties, with the wife being required to assume and pay the mortgage against it. The husband was awarded all interest in the parties’ business. Certain personal property not pertinent to this appeal was divided between the parties. The issue of alimony was reserved by the trial court.
The husband argues that the award of the jointly-owned home to the wife is grossly inequitable and constitutes an abuse of the trial court’s discretion.
Both parties agree that their home is the only substantial asset that has been accumulated during their marriage. The mortgage is very small, and the value of their equity in the home is approximately $56,-000.
The record reflects that the parties were married for 31 years. The wife is 51, and the husband is 58. Both are in good health. The parties have two children, a 30-year-old who lives out of state, and a 26-year-old who resides in the parties’ residence. The wife did not work during much of the marriage. She began working approximately four years prior to the divorce. The wife and her mother, shortly prior to the divorce, established a house cleaning business. The husband is a barber and operates a one-chair shop. In the last three years, the wife’s income has been in excess of the husband’s reported income. The divorce was based upon incompatibility, with little, if any, wrongdoing.
When a trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). The division of property is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
Each case must be decided on its own facts and circumstances. The division of property does not have to be equal, but only equitable. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988). Eubanks v. Eubanks, 291 So.2d 159 (Ala.Civ.App.1974). Factors to be considered in the division of property are the future prospects of the parties, their sex, age, health, station in life, length of marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
After careful review of the record, we find no error in the division of the parties’ property. We cannot say that we would have arrived at the same division of property had we been in the trial court’s position. However, absent abuse of discretion or palpable error, this court is prohibited from substituting its judgment for that of the trial court. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.