L. CHARLES WRIGHT, Retired Appellate Judge.
Sharon and Henry Welch were divorced by decree of the Circuit Court of Talladega County on the ground of incompatibility. The divorce decree awarded specific items of personal property to each party. The register of the circuit court was directed to “inventory” the remainder of personal property and sell it at public auction. The only real property, the marital residence, was also ordered for sale at public auction; after payment of certain costs, the proceeds were to be divided equally between the parties.
Sharon refused to allow an inventory of the personal property or to vacate the marital residence as ordered by the trial court. Another order was issued by the trial court which, in essence, determined Sharon to be in contempt and directed Sharon’s compliance with the inventory and public sale. A date was set for hearing the report of the register and for consideration of the contemptuous conduct of Sharon.
Henry filed a motion which, in pertinent part, stated:
“[Sharon] has already stolen or otherwise removed more than one-half of the assets of the parties; that [the assets] *264 remaining should be the exclusive property of [Henry, without requiring a public sale].
[[Image here]]
“That pursuant to the [divorce decree] a division of the property between the. parties has been made, thereby eliminating the need for a sale; ....
"... [Henry] prays that the Court will set this matter down for immediate hearing [and award] all of the remaining assets of the parties to [Henry].... ”
After ore tenus proceedings wherein both parties were present, the trial court entered the order which is the subject of this appeal. This order, inter alia, found Sharon in “willful, flagrant, and complete contempt,” awarded Sharon “any and all personal property which was previously identified ... and noted by the Register to be missing ... [having] an aggregate value of $39,500.00 and certainly not less,” and awarded Henry all right and title to the marital residence and all personal property located thereon.
Sharon appeals and first asserts that she was deprived of property without due process of law in violation of the United States Constitution’s fourteenth amendment.
Due process of law requires that there be notice, a hearing conducted in accord with that notice, an opportunity to be heard at a meaningful time in a meaningful manner, and a judgment entered in accordance with the notice and hearing. See, Jones v. Henderson, 513 So.2d 1020 (Ala.1987). This proceeding was not a new action requiring issuance of a summons under Rule 4, Alabama Rules of Civil Procedure. It was part of an ongoing matter arising from the judgment of divorce. Counsel had previously appeared on behalf of Sharon. Notice of the hearing was served according to Rule 5(b), A.R.Civ.P. Sharon had previously been found to be in contempt of the court, and she continued her contemptuous conduct. The forbearance of the trial judge was admirable under the circumstances. Sharon was present and was allowed to testify and ask questions of the only witness, Henry. Sharon was not represented by counsel at the hearing, but a review of the record reveals that the trial court gave her every opportunity to present her side of the controversy. We do not find a denial of due process.
Sharon next argues that the order of the trial court, which awarded the marital residence to Henry, was not supported by the evidence and was an abuse of discretion. Our review of a judgment rendered after ore tenus proceedings is limited, and the judgment is presumed correct and will not be set aside on appeal unless it is so unsupported by the evidence that it is plainly and palpably wrong. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). Matters respecting division of property are committed to the sound discretion of the trial court. Nowell.
The parties’ original divorce decree ordered the register of the circuit court to take an “inventory” of the parties’ personal property and then hold a “public sale” of it and the marital residence, the net proceeds of the sale to be equally divided. The decree also ordered Sharon to vacate the marital residence.
It appears that the register’s attempt to take an inventory of the personal property was frustrated because Sharon would not allow the register to enter the marital residence. When an inventory was ultimately made and Sharon finally vacated the residence, Henry requested that the trial court alter the order of public sale on the marital residence because Sharon had taken a substantial amount of the parties’ personal property, which was of the same approximate fair value as one-half of the equity remaining in the marital residence. Prom the record before this court it appears that the “division” of property was in fact nearly equal. A property division is not required to be equal, but it must be equitable. Nowell. We find no error.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12 — 18—10(e), Code *265 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.