L. CHARLES WRIGHT, Retired Appellate Judge.
Following an ore tenus proceeding, the Circuit Court of Baldwin County entered a final divorce decree and ordered a division of the parties’ property. The husband appeals, contending that the trial court abused its discretion in dividing the property of the parties. Specifically, he asserts that the trial court erred in refusing to award to him a one-half interest in the marital home.
The record reflects that the parties were married in 1972. The parties have two children, a minor son who resides with the husband, and a minor daughter who resides with the wife. The wife is employed as a machine operator at Vanity Fair Mills and earns approximately $210 per week. She has been employed with the mill for seven years. At the time of the trial the wife was receiving food stamps.
The husband testified that he was a commercial fisherman and that he had received $9 in compensation the week prior to trial. During the course of the marriage, the husband had been a welder for 15 years and earned between $10 and $16.50 per hour. He has also worked as a commercial truck driver.
The parties built the marital home on property inherited by the wife. The parties purchased the house for $2,500 and spent $3,000 on improvements. The husband testified that in his opinion the residence and the outbuildings were worth $26,500 at the time of the hearing. He testified that prior to the separation he spent $6,500 of the parties’ money to make a down payment on a truck and to pay certain bills.
When a trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). The division of property is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
Each case must be decided on its own facts and circumstances. The division of property does not have to be equal, only equitable. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988). Factors to be considered in the division of property are the future prospects of the parties, their sex, age, health, station in life, length of the marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
*79 Applying the attendant presumptions to the facts in this case, we cannot say that the trial court abused its discretion in the disposition of the marital home. This case is affirmed.
The wife’s request for an attorney’s fee is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.