I disagree with the majority's conclusion that, "[a]lthough the trial court modified one aspect of the property division, further relief was warranted in this case." The majority then reversed the trial court's judgment regarding the parties' property settlement and remanded this case for the division of assets and liabilities.
I believe this court is overstepping its bounds in substituting its opinion for that of the trial court. The trial court is in the best position to determine whether further relief was warranted in this case. After granting the wife's post-judgment motions, the trial court heard testimony from the husband, wife, and an accountant. The court then entered a detailed order amending provisions of the original divorce judgment, giving the *Page 939 
wife the relief the court thought was appropriate.
When the trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128
(Ala.Civ.App. 1985). The division of marital property is within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it abused its discretion. Wiggins v. Wiggins, 498 So.2d 853
(Ala.Civ.App. 1986). I do not believe that the trial court abused its discretion in not disturbing the property distribution as agreed to by the parties in their property settlement, nor did it abuse its discretion in giving the husband the proceeds from the sale of the building, as well as the entire tax liability for the sale, since the liability exceeds the proceeds.
I would not substitute this court's judgment for that of the trial court, rather, I would affirm the judgment of the trial court. Therefore, I must respectfully dissent.