I must respectfully dissent from the majority's dismissal of the appeal. Although I agree that the juvenile court did not have jurisdiction, because it is a court of limited jurisdiction,[1] I cannot agree that the general jurisdiction of the circuit court would not *Page 1053 
extend to the name change of a minor child already within its jurisdiction pursuant to a divorce.
Although the courts of other states that have dealt with the issue of a minor's name change in the divorce context have reached different results, I am persuaded that the discussion in the Supreme Court of Iowa's decision in In re Gulsvig,498 N.W.2d 725 (Iowa 1993), is illustrative of the appropriate analysis for the situation in this case. The Gulsvig case concerned the name of a minor child, but the facts differ in some respects. Ronald and Rhonda Gulsvig were in the process of a divorce, and Rhonda's surname was changed to Acosta, her name from a previous marriage. In re Gulsvig, 498 N.W.2d at 726. Before the divorce was finalized, the minor child was born, and Rhonda, acting without the consent of Ronald, gave the child the surname Acosta. Id. A divorce was ultimately granted, but the trial court refused to change the child's surname from Acosta to Gulsvig. Id. Ronald appealed the divorce decree on several grounds, including the refusal of the trial court to change the child's surname back to Gulsvig. Id.
The Iowa Supreme Court focused on whether the trial court had jurisdiction to change the name of a minor in a divorce action.Id. at 727. As the court acknowledged, it had previously decided against jurisdiction in cases where a statute provided exclusive jurisdiction over the subject matter. Id. at 728. The court then analyzed its name change statute, Iowa Code § 674 (1991). Section 674 provides that a person of legal age may change his name by first filing a petition in the district court, i.e., trial court, Iowa Code § 674.1 674.2 (1991), which is also the court that has jurisdiction over divorce cases in Iowa. Notably, § 674 does include a provision for the name change of minors; however, the court determined that the statute itself did not provide an exclusive remedy for the name change of a minor. Id. (citing Iowa Code § 674 (1991)).
Focus then shifted to the statute granting the trial court jurisdiction over the custody of children and also the statute giving the trial court the authority to change a party's name pursuant to a divorce. Id. From these statutes, the court inferred that the trial court also had the power to change the name of a child involved in the divorce action. Id. (citing Iowa Code §§ 598.37 598.41 (1991)). In addition, the court noted, the Iowa statute granting the trial court discretion in determinations of custody stated that joint custody was preferred and that both parents were to have equal participation in decisions affecting the child's " 'legal status.' " Id. (quoting Iowa Code § 598.41(2)). According to the court, since the child's name was "an incident of the child's legal status," the trial court had jurisdiction over the subject. Id.
More recently, in 1994, the Supreme Court of South Dakota faced this same issue and also decided that its trial court (South Dakota's circuit court) had jurisdiction to change the name of a minor pursuant to a divorce. Keegan v. Gudahl,525 N.W.2d 695, 698 (S.D. 1994). The court discussed the trial court's general jurisdiction, which, by statute, allowed the trial court to "give 'direction for the custody, care, and education' " of a minor child in a divorce action. Keegan, 525 N.W.2d at 696 (quoting S.D. Codified Laws Ann. § 25-4-45 (1987)). The court noted that the word "care" is defined as to " 'provide for or attend to needs or perform necessary personal services. . . .' " Id. (quoting Webster's Third New International Dictionary, Unabridged 338 (16th ed. 1971)). Since a parent who names a child is attending to the child's needs by providing such a name, the court reasoned, the trial court had the jurisdiction to change the name of a child under the statute and its broad discretion. Id.
The Keegan court also analyzed the grant of power to the trial court under the South Dakota joint custody statute.Keegan, 525 N.W.2d at 696-97 (citing S.D. Codified Laws Ann. § 25-5-7.1 (1987)). "Under the statute, the trial court is empowered to grant to one parent or the other ultimate responsibility over specific aspects of the child's welfare. . . ." Id. at 696 (quoting S.D. Codified Laws Ann. § 25-5-7.1 (1987)). Because the parents in Keegan had been awarded joint custody, the South Dakota Supreme Court reasoned that the trial court could decide which parent would be granted the "responsibility" *Page 1054 
of naming the child. Id. Finally, the court noted that the South Dakota statute providing for a formal name change in the circuit court, i.e., trial court, which incidentally does not include a provision for the name change of a minor, was not exclusive; therefore, it could not serve to restrict the trial court's right to change the name of a minor child in a divorce action. Id. at 698 (citing S.D. Codified Laws Ann. § 21-37-1 (1987)).
The Supreme Court of Nebraska has also addressed the issue of the jurisdiction of a trial court to change the name of a minor child in a divorce situation. In Cohee v. Cohee, 210 Neb. 855,317 N.W.2d 381 (1982), the court's reasoning is simple but sound. A Nebraska statute provided that the trial " 'court may include such orders in relation to any minor children and their maintenance as shall be justified.' " Cohee, 317 N.W.2d at 384 (quoting Neb.Rev.St. § 42-364). The court then commented that "[c]ourts have apparently assumed this additional chore as an incident of their equity jurisdiction in [divorce] cases." Id.
(citing Annot., 92 A.L.R.3d 1091 (1979)). This combination of the discretion granted to a trial court to provide for minor children of divorce and the inherent equity jurisdiction of the trial court satisfied the Nebraska court that the trial court had jurisdiction over the name change of a minor involved in a divorce action.
After a similar analysis of the laws of Alabama, I would hold that the circuit court has jurisdiction over the name change of a minor before it pursuant to a divorce action. A discussion of the principles of jurisdiction in our courts will illustrate that the statute providing for name changes is not exclusive in nature, that the circuit courts have wide discretion in child custody matters and that the circuit courts have inherent and continuing equity jurisdiction over minor children. Acknowledgement of these principles compels the conclusion that the circuit court does indeed have jurisdiction over the name change of minors under the wide discretion afforded it in child custody matters.
Although the probate court has general and original jurisdiction over name changes under Ala. Code 1975, § 12-13-1, that particular statute does not provide a procedure for changing the name of a minor child. The legislature has provided a procedure to change the name of a legitimated child in Ala. Code 1975, § 26-11-3. However, this procedure allows only the father to petition for the name change. As will be discussed later, § 26-11-3 provides a procedure for name change in the case of legitimization that I believe would also be appropriate in handling the name change of any minor. In addition, the probate court's jurisdiction over name changes is not described as exclusive. Unlike the statute granting jurisdiction of certain matters to the juvenile courts, Ala. Code 1975, § 12-15-30, which contains the word "exclusive," § 12-13-1 describes the probate court's jurisdiction as general and original.
Most of the case law concerning the jurisdiction of the circuit courts over minor children is in respect to the continuing jurisdiction that court gains upon the submission of a custody issue in a divorce case.
 "When equity's jurisdiction is invoked, minor children are wards of the court, and it is the court's duty to guard and protect the interest of its infant wards with scrupulous care. . . . In the case of divorce of the parents, equity courts have inherent power to protect the welfare of the minor children born of the broken marriage and to make appropriate allowances for them, . . . and, having once obtained jurisdiction over the children of divorced parents, the court retains jurisdiction during their infancy."
Wise v. Watson, 236 So.2d 681, 684, 286 Ala. 22, 25 (1970) (emphasis added). See also Roberson v. McAliley, 387 So.2d 840,842 (Ala.Civ.App. 1980). Additionally, in a case involving child custody, any matter affecting the child becomes the subject of equity jurisdiction. Ayers v. Kelley, 224 So.2d 673,674, 284 Ala. 321, 322 (1969).
Under Ala. Code 1975, § 30-3-1, the circuit court, when granting a divorce, "may make such orders in respect to the custody of the children as their safety and well-being may require." The power over decisions involving the children of divorce granted in this section has been described as "wide discretion." Golson v. Golson, 471 So.2d 426, 431 *Page 1055 
(Ala.Civ.App. 1985). In Golson, the court was faced with a father's complaint that the trial court wrongfully removed his children's certificates of deposit from a Fort Deposit bank (at the time of the divorce he was president of the bank) and placed them in trust in the Bank of Mobile (where the mother and children resided after the divorce). Golson, 471 So.2d at 431. The court determined that the trial court had moved the certificates of deposit for the purpose of protecting the children's estates and held that the trial court's actions came under its "wide discretion in child custody matters." Id. In light of the circuit court's general jurisdiction, described in Ala. Code 1975, § 12-11-30, as well as its history as a court of equity jurisdiction, as provided for in Ala. Code 1975, §12-11-31, and its child custody jurisdiction under Ala. Code 1975, § 30-3-1, I believe that in this case, the circuit court did have jurisdiction to decide upon the name change of the minor child. When the parents in this case were divorced in 1985, the circuit court attained jurisdiction over the minor child. When the father petitioned the circuit court to change the child's name back to Clark, she was ten, and the circuit court still had jurisdiction over her. The circuit court's jurisdiction over this minor child will continue until she reaches the age of majority. Because the child became a ward of the circuit court, the circuit court has the inherent power to protect her welfare. By acting to settle the dispute between the parents about their child's name, the circuit court simply acted with the appropriate goal of promoting the child's best interest. Since the change of a child's name is a matter affecting the child and within the realm of matters in respect to the custody of the child, that subject is encompassed in the circuit court's equity jurisdiction and within its jurisdiction under § 30-3-1.
The majority also states that it will not stretch existing law to apply to cases where a parent, apparently out of spite, wishes to change the name of a child. If indeed the true motive of one parent was to spite the other, a procedure like that provided in Ala. Code 1975, § 26-11-3, could prevent such abuses. True, § 26-11-3 applies to cases where a father wants to petition for the name change of a minor child after legitimation. However, the procedure outlined in the statute would be appropriate whenever a child is the subject of a name change petition.
In addition, the procedure under § 26-11-3 serves to protect both the parents' and the child's rights. See Roe v. Conn,417 F. Supp. 769 (M.D. Ala. 1976). In Conn, the United States district court recognized the due process and equal protection interests held by both the parents and the child in a situation involving the name change of a minor. In addition, the court noted that the child has a liberty interest in the name change. According to the court, to protect these fundamental rights, notice and an opportunity to be heard must be given to enable the courts to determine the appropriateness of a minor's name change. Also, the court indicated that the decision concerning a name change for a minor should be focused not on the desires of a parent, but on the best interest of the child. The procedure outlined in § 26-11-3 serves to protect the fundamental rights recognized in Conn and also to focus the court's attention on the best interest of the minor child.
Under § 26-11-3, a father may petition the probate court for a name change of a minor child after legitimization. After a petition is filed, the mother receives notice and must respond within 30 days. In cases where the mother objects to the change, a guardian ad litem is appointed to protect the interest of the child. The court may also appoint a guardian ad litem if it feels such an appointment is in the best interest of the minor child. Finally, the court will hold an informal hearing, where interested parties can present evidence, and the court will determine whether the name change is in the best interest of the minor child.
This statute provides guidelines for the court and the parties to follow in a case where a minor child's name is at issue. I do not suggest that the circuit court here ignored the best interest of the child when it was faced with making its decision. However, the reason Alabama needs a set procedure to follow in cases like this is clear: to prevent the continuous tug-of-war between warring spouses alluded to in the majority opinion. As recognized as early as nearly 20 *Page 1056 
years ago, the decisions regarding the name given to a minor child are becoming increasingly more difficult. For perspectives and commentary on the laws of the several states concerning the name change of minors in cases of divorce or separation, see Richard H. Thornton, The Controversy overChildren's Surnames: Familial Autonomy, Equal Protection andthe Child's Best Interests, 1979 Utah L.Rev. 303; Donald M. Shawler, Note, 1985 S.Ill.U.L.J. 335; Priscilla R. MacDougall,The Right of Women to Name Their Children, 1985 Law Ineq.J. 91.
[1] See Ala. Code 1975, § 12-15-30. Courts of limited jurisdiction are courts that are confined to exercising jurisdiction in "particular types of cases or actions . . . [as] prescribed by . . . statute." Black's Law Dictionary 927 (6th ed. 1990).