CRAWLEY, Judge.
John Ellis Helveston and Tina Melissa Helveston were divorced in January 1995. In October 1995, the wife petitioned for a rule nisi, asking the court to hold the husband in contempt on the basis that the husband was not complying with various provisions of the divorce judgment. She and the husband also filed cross petitions to modify, but those petitions are not involved in this appeal. The husband responded to the petition for a rule nisi. Following the presentation of ore tenus evidence, the trial court ordered the husband, among other things, to pay $1,200 for the wife’s rental of a mobile home lot and to pay $780.10 for unpaid medical bills. The husband and wife each filed a post-judgment motion, both of which the trial court denied. The husband appeals, arguing that the trial court erred by (1) ordering him to pay for the wife’s mobile home lot rental and (2) ordering him to pay for certain medical bills.
When ore tenus evidence is presented in a divorce case, the judgment of the trial court is presumed correct, and this court will not reverse absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). Absent a showing of an abuse of discretion, the trial court’s judgment will be affirmed. Id.
The husband first argues that the trial court erred by ordering him to pay for the wife’s mobile home lot rental. The divorce judgment provided:
“7. The [husband] shall receive the one acre parcel and the [wife] shall convey by Quitclaim deed any interest she may have in same within 30 days of the date of divorce with the understanding and agreement by the [husband] that the [wife] shall have the right to locate a mobile home on said property, rent free for a period of one year beginning on June 1,1995.”
The record reveals that the wife conveyed her interest in the parcel to the husband as required by the divorce judgment. The wife testified that the husband would not allow her to place a mobile home on the parcel and that she incurred $1,200 for a year’s rental for a mobile home lot. The husband contends that the wife would not pay to have the fences removed so that the mobile home could be placed on the lot, and he further contends that the divorce judgment does not require him to remove the fences. The wife contends that this provision allowed her a year’s transition without rent, and in effect gave her payment for her interest in the parcel.
We conclude that the trial court did not abuse its discretion by ordering the husband to pay for the wife’s rental expenses. The divorce judgment required him to allow her to place the mobile home on the lot for one year, and the trial court was within its wide discretion to interpret the provision to require the husband to remove the fences or pay for the removal of the fences in order for the wife to place the mobile home on the parcel. Therefore, we affirm that portion of the trial court’s judgment.
*147 The husband next argues that the trial court ordered him to pay excessive unpaid medical bills. The husband and the wife agree that the amount of outstanding medical bills is $277.56, and both agree that the husband, pursuant to the divorce judgment, is obligated to pay 78% of that amount. The trial court ruled that the outstanding medical bills amounted to over $700. The only evidence of the outstanding medical bills was the wife’s testimony and the bills submitted by the wife, both of which indicate that $277.56 is the correct figure. Therefore, we conclude that as to the medical bills the trial court’s judgment is not supported by the evidence and is due to be reversed. We direct the trial court to amend its judgment to reflect the correct amount of the husband’s obligation for the outstanding medical bills (78% of $277.56).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.