L. CHARLES WRIGHT,
Retired Appellate Judge.
The mother and father were divorced in 1988. Incorporated into the divorce decree was an agreement for the support of the parties’ minor child. Specifically, the father was ordered to pay the mother $100 per month as child support. The decree provided that the amount of child support would increase to $200 per month when a specific bank note was paid in full or when the father changed jobs and was “better able” to provide for the needs of the minor child.
In January 1990 the mother filed a petition requesting that the above provision of the decree be enforced, that the court order an increase in child support, and that the court find the husband in arrears in his support obligation.
Following an ore tenus proceeding, the trial court ordered that the child support obligation be increased to $300 monthly. The court found no arrearage. The mother filed a motion to reconsider the arrearage issue. The motion was denied. The mother appeals.
Where evidence is presented ore tenus, particularly in matters concerning child support, the trial court’s judgment is presumed correct and will be reversed only upon a showing that the trial court abused its discretion or that its determination is plainly and palpably wrong. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The record reflects that the father paid $100 per month in child support from February 1988 until February 1990, when he *673 began paying $200 per month. In the intervening two years the father changed jobs twice. In June 1988 the father relocated to Wisconsin to secure employment. He testified that the move caused him to incur considerable moving costs; that although he lived with his parents he still had to pay rent; and that the living costs in Wisconsin were generally higher than those in Alabama. In March 1989 the father returned to Alabama and began working for an automobile distributorship in Mobile. He testified that the daily commute to Mobile from Monroe County caused him to incur considerable transportation expenses. He further testified that he expended a substantial amount of money to upgrade and replace his personal tools, which he was required to use on the job.
In January 1989 the specified bank note was paid in full. The father concedes that this occurrence triggered the mandated increase in child support. He testified, however, that he and the mother reached an agreement wherein he would provide for the daughter’s medical insurance and cover her medical expenses in lieu of the increase in child support. The mother disputes this testimony. Nevertheless, the father paid for the child’s insurance for approximately ten months. He paid $60 for the first month and $40 for each of the remaining nine months. He testified that he paid an additional $125.75 in other noncovered medical expenses. The mother testified that she received $40 from the father on two separate occasions in addition to the monthly child support payments.
The mother contends that the trial court erred in failing to find the father in arrears. She contends that the father’s job change in July 1988 triggered the mandated increase in child support provided for by the decree. She asserts that she is entitled to an award of arrearage from that date. In the alternative, she contends that she is entitled to an award of arrearage to be calculated from January 1989, the date that the bank note was paid in full.
The trial court apparently determined that the initial job change did not make the father “better able” financially to provide for the child. Mindful of the ore tenus presumption, we do not find error with this conclusion. We find, however, that, due to the operative language of the initial decree, the child support payments should have increased to $200 per month in January 1989, the month that the specified bank note was paid in full.
The father contends that the agreement to cover the child’s medical expenses satisfied the additional child support responsibilities and that the trial court did not err in giving him credit for such expenditures.
Parents cannot nullify a child support court order by mutual agreement so as to deprive their children of the support to which they are entitled. Parnell v. Parnell, 500 So.2d 1137 (Ala.Civ.App.1986). Assuming there was such an agreement between the mother and father, it would simply be a nullity.
The award or denial of a credit against arrearage, however, is within the sound discretion of the trial court, and such a decision will not be reversed absent a showing of plain and palpable abuse. Kinsey v. Kinsey, 425 So.2d 483 (Ala.Civ.App.1983). The key factor to be considered in giving credit for child support arrearage is whether the evidence shows that the father contributed to the actual support of the child. Keller v. Keller, 370 So.2d 306 (Ala.Civ.App.1979). In order for a father to receive credit he must present proof establishing the monetary amount of the credits to be given. O’Neal v. O’Neal, 532 So.2d 649 (Ala.Civ.App.1988).
Based upon the evidence, the amount of the arrearage accrued by the father is $1,200. The record reveals that from January 1989 to January 1990, the period in which the father was in arrears, he expended $625.75 in support of the child. The expenditures, in the form of medical expenses and additional moneys, are creditable expenditures. The father offered no further monetary proof of credits.
We find that the trial court erred in failing to find the father in arrears. The difference between the sum accrued and *674 the creditable expenditures is $574.25. Judgment in the amount of $574.25 should be entered in favor of the mother and against the father.
The case is reversed and remanded to the trial court for the entry of judgment in accordance with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.