RUSSELL, Judge.
Rosalyn Shoemaker Jordan (mother) filed a motion on December 21, 1990, requesting that the trial court grant a judgment for delinquent child support payments and interest against James Leroy Logue (father). On the same day the trial court rendered a judgment in the amount of $20,013.56 against the father. The father appeals, contending that the trial court erred because, he claims, he was denied due process in its granting the judgment against him. We agree and reverse and remand.
The record indicates that the father filed a notice of appeal on January 4, 1991, and a second notice of appeal on January 25, 1991. On February 6, 1991, the trial court found that the January 4, 1991, notice of appeal should be considered as a motion to alter, vacate, or amend the judgment and appointed counsel to represent the father, *947 who was incarcerated. A hearing was held with the father being represented by his appointed counsel. At the hearing the father’s attorney stated that his client wanted his January 4, 1991, notice of appeal treated as an appeal, rather than as a motion to alter, vacate, or amend the judgment. He did not present evidence regarding any error in the computation of the child support arrearage. The trial court then reaffirmed its prior judgment.
Regarding the father’s contention that he was denied due process, it is apparent that the original judgment, which was entered the same day that the motion was filed, was entered without notice or an opportunity for the father to be heard. Although the trial court attempted to remedy this error by treating the notice of appeal as a motion to alter, vacate, or amend the judgment, we know of no authority which allows it to do so. Within thirty days after the entry of its judgment, the trial court may order a new trial for any reason for which it may have granted a new trial on the motion of a party. Rule 59(d), Alabama Rules of Civil Procedure. However, this was not done. Therefore, we find that the trial court erred in treating the father’s notice of appeal as a motion to alter, vacate, or amend the judgment and that the father had the right to appeal the judgment.
Although child support payments become final judgments on the date they are due, one may defend in an action for their collection by showing payment or discharge by some means other than that indicated in the decree. Binns v. Maddox, 57 Ala.App. 230, 327 So.2d 726 (Ala.Civ.App.1976). Here, the amount past due was determined without notice, without a hearing conducted in accordance with the notice, and without an opportunity to be heard, all of which are required to satisfy due process of law. Welch v. Welch, 562 So.2d 263 (Ala.Civ.App.1990). The father did not have the opportunity to defend by showing payment or discharge.
Based on the above, we find that the judgment is due to be reversed and the cause remanded with instructions for the trial court to conduct proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.