This appeal is from a judgment after remand. For facts pertinent to the original appeal, see Logue v. Jordan,586 So.2d 946 (Ala.Civ.App. 1991).
In that appeal, we determined that Logue was denied due process in that he did not have the opportunity to defend himself against an accusation of delinquent child support payments. We remanded the case for a hearing on the allegations.
A hearing was held on September 3, 1991. Jordan appeared pro se. Logue did not appear due to his incarceration in the Alabama penal system. He was, however, represented by court-appointed counsel.
The trial court entered the following findings:
 "Counsel advised the Court that Defendant had no documented evidence to present to refute the alleged arrearage owed in child support. All payments were to be made through the office of the Clerk of this Court and the Clerk's records indicate that no payments have been made since May, 1985. Plaintiff calculated the arrearage plus interest through August 31, 1991 which totalled $22,534.68 and presented a calculation sheet setting out the payments due and the amounts of interest accruing through August 31, 1991. Defendant's counsel stated that there were no payments made outside of the Clerk's office but that Defendant says he has other "credits" he wishes to present to set off the *Page 998 
amount owed and further that he wished to recalculate the figures presented by the Plaintiff to insure the correctness of the figures."
The court concluded that Logue was $22,534.68 in arrears and ordered that he pay the same to Jordan. The court gave Logue 12 additional days to provide his attorney with documented evidence as to why he should be awarded a credit against the judgment.
Following a hearing on the additional evidence, the court entered an order reducing the amount of arrearage owed to $20,416.79 due to an error in calculation. It further found that Logue was not entitled to any credits and that he was due to be relieved of future child support payments based upon his incarceration for three consecutive life sentences. Logue appeals.
Logue asserts, pro se, that he should be relieved from paying the arrearage because he has been incarcerated and unable to pay child support since May 1985.
The record on appeal consists only of the clerk's record. No transcript of the evidence is included.
Where the trial court considers oral testimony in reaching its decision and the testimony is not present in the record, it is conclusively presumed that the testimony is sufficient to support affirmance. Smith v. Smith, 565 So.2d 72 (Ala. 1990). Since no record is presented for our review, this court has no alternative but to affirm the judgment of the trial court. Argov. Carter, 376 So.2d 746 (Ala.Civ.App. 1979).
Furthermore, it is well established that child support payments become final judgments on the date they are due and once they have matured they are immune from change. Mann v.Mann, 550 So.2d 1028 (Ala.Civ.App. 1989). One may defend in an action for their collection by showing payment or discharge.Binns v. Maddox, 57 Ala. App. 230, 327 So.2d 726 (Ala.Civ.App. 1976).
From the clerk's record it appears that Logue failed to make any payments and he never requested that the child support payments be discharged.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.