L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1976. There was one child, daughter Sharon, born of the marriage. There were provisions in the judgment of divorce requiring the father to pay child support and to establish a savings account for aiding in college expenses when Sharon became age 18.
The former wife (Mock) filed a petition to modify the divorce judgment to increase support obligations of the father (Brannon) in 1992. In settlement of the petition, the parties executed a lengthy agreement which was accepted and incorporated in a judgment entered in June of 1991. The agreement provided that a specific sum, in lieu of the savings account, be paid Sharon on or before her 18th birthday and the father would pay a specific pro-rata share of Sharon’s college expenses at Auburn. It was also agreed Sharon must maintain a “c” average at Auburn.
In October 1991 Mock filed a petition for contempt, alleging Brannon’s violation of the last judgment and agreement in that he had not made his pro-rata contribution of Sharon’s college expenses at Auburn and he had not paid the specific sum due to Sharon prior to her 18th birthday as required.
Brannon responded by denying, and alleging that Mock and Sharon had so breached the agreement as to render it void and unenforceable. He further sought modification of his child support obligation because of the fact that his business had *1058 filed for a Chapter 11 judgment in bankruptcy court.
The trial court held oral hearing on both petitions. Judgment was entered on January 13, 1992. The judgment determined that the primary issue before the court was “what, if any, financial responsibility Mr. Brannon should have for the college expenses of the parties’ 18-year-old daughter.” In response to the issue, the court ordered Brannon to pay as reimbursement to Sharon and to Mock certain sums paid by them for college expenses for the fall quarter of 1991. Brannon’s petition to hold the agreement requiring him to pay college expenses void was denied. Monthly child support by Brannon was ordered to be paid in a specific amount to Mock so long as Sharon remained a full-time student and maintained a “c” average. An amount for attorney fees was directed to be paid to Mock. After his motion for reconsideration was denied, Brannon appealed.
The lengthy issue presented by Brannon on appeal may be briefly presented in paraphrase as: Does the alleged violation by Mock of the agreement as to Brannon’s obligation to contribute to Sharon’s college expenses together with evidence of his lack of ability to pay such obligation terminate such obligation?
We find the answer to the issue is found in the decision of our supreme court in the case of Ex parte Bayliss, 550 So.2d 986 (Ala.1989). Therein the court said:
“In a proceeding for dissolution of marriage or a modification of a divorce judgment, a trial court may award sums of money out of the property and income of either or both parents for the post-minority education of a child of that dissolved marriage, when application is made therefor ... before the child attains the age of majority.”
It is clear that Bayliss established as the law of this state that a child of divorced parents has the right to seek post-minority support for a college education from its parents as it did pre-minority support if such support is sought in the courts prior to its attaining its majority. We have held in a multiplicity of cases that the right to child support may not be removed by an agreement of the parents. Snyder v. Snyder, 579 So.2d 671 (Ala.Civ.App.1991); Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App.1989); Parnell v. Parnell, 500 So.2d 1137 (Ala.Civ.App.1986). It must follow that such right may not be limited by the agreement of the parents but such amount is to be determined by a court after consideration of evidence of the needs of the child and the ability of the parents to contribute to the meeting of those needs. Morrison v. Kirkland, 567 So.2d 363 (Ala.Civ.App.1990).
Although the agreement as to contributions and conditions thereof was incorporated into the judgment, it was subject to modification as circumstances changed and equity required. It was for the court to decide whether breaches by one party, of the agreement, now a judgment, should excuse performance by the other or whether the court should exercise its contempt powers against either or both. Scott v. Scott, 401 So.2d 92 (Ala.Civ.App.1981). In truth, the trial court could have entered judgment for contribution by Brannon to Sharon’s college expense had the “agreement” never been made, because Sharon had not yet attained majority.
In this case the court heard the testimony and viewed the documentary evidence. It was the duty of the trial judge to weigh that evidence and exercise his judicial discretion in a judgment based upon it. If this court is convinced there is reasonable legal evidence to support the judgment and that the judgment is fair and equitable, we are not at liberty to change it on appeal. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
We have considered the judgment against Brannon in light of the evidence and the presumption of its correctness. We do not find it erroneous. The judgment is therefore affirmed.
Appellant’s request for an attorney’s fee is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty sta *1059 tus as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.
THIGPEN, J., concurs in the result.