ROBERTSON, Presiding Judge.
This is an appeal from the denial of a motion for contempt and a motion to modify.
The original divorce decree was not made a part of the record before this court; however, the pleadings and testimony reflect that Cynthia Joan Thompson (mother) and George Farrell Wright (father) were divorced on January 21, 1986; that two children were born of the marriage; and that the father agreed to pay $125 per month as child support for the two minor children.
On August 8, 1991, the mother filed a motion for contempt, claiming that the father had willfully refused to pay child support, and a motion to modify the amount of monthly child support.
Following an ore tenus proceeding, the trial court denied the mother’s motion to hold the father in contempt and denied her motion to modify the amount of monthly child support. However, the trial court ordered the father to pay the sum of $125 per month as child support for the son beginning February 1, 1992.
In response to the mother’s motion to alter, amend, or reconsider, the trial court entered an order clarifying the previous order and held that:
“The evidence was sufficient to prove that the father provided support each month in an amount greater than the court ordered $125 per month. The husband is entitled to a credit against ar-rearages in an amount greater than $125 per month, and the wife is not entitled to a judgment for any money due her. On this issue, the mother’s motion is denied.”
The mother first argues on appeal that the trial court erred in holding that no arrearage was due and in failing to hold the father in contempt.
*1291 It is well settled that, in proceedings where the evidence has been presented ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside on appeal unless it is plainly and palpably wrong or unjust. Haygood v. Haygood, 581 So.2d 870 (Ala.Civ.App.1991). It is also well settled that “[cjlaims of arrearage of ordered child support may be allowed off-set by credit for amounts expended by the obligated parent when such parent actually furnishes support for a child while in his custody or the custody of another.” Weaver v. Weaver, 401 So.2d 77, 78 (Ala.Civ.App.1981) (citations omitted).
At trial, the mother testified that the father had paid her only $350 towards his child support obligation since the date of the divorce, and that the father was $8,650 in arrears on his child support payments. The mother testified that the son still lives with her; that the daughter went to live with her father when she became 15 years old; and that the daughter is now employed full time, is self-supporting, and lives with the man she plans to marry. The mother denied that she had ever entered into any verbal agreements with the father to decrease the amount of child support.
The father testified that the daughter began living with him in October 1987, and lived with him until she graduated from high school in July 1991. The father testified that, while the daughter lived with him, he bought her a total of two automobiles so that she would have transportation to and from school; that he paid all costs associated with putting the daughter through school; that he paid all of the daughter’s medical bills; and that he gave the daughter $75 per month the entire time that she lived with him. The father also testified that he and the mother agreed that, after the daughter came to live with him, he would pay the mother only $75 a month in child support for the son. The father testified that he and the mother agreed in 1988 that, if he would maintain medical and dental insurance on the son, he would not have to make any further child support payments. The father testified that he then added the son to the insurance policy he had been carrying on the daughter since November 1987, and that $32.41 had been deducted from his paycheck every week for the insurance on the children. The father testified that on several occasions he gave the mother $100 or $200 or whatever amount she said that she needed. The father testified that he purchased clothes for his son; that the son keeps clothes at his house; and that the son spends a lot of time at his and the grandparents’ home.
“[I]t is long settled in this state that where conflicting evidence has been taken ore tenus, a presumption of correctness attends the trial court’s conclusion on issues of fact....” Cherokee Insurance Co. v. Frazier, 406 So.2d 881, 883 (Ala.1981). The mother correctly contends that parents cannot by mutual agreement reduce a child support court order so as to deprive their children of the support to which they are entitled, and that such an agreement between the mother and the father would be a nullity. Snyder v. Snyder, 579 So.2d 671 (Ala.Civ.App.1991). But, as previously noted, the trial court concluded that the father provided support in an amount greater than the court-ordered amount and held that the father was entitled to a credit against arrearages. To allow a credit against an arrearage in child support is within the discretion of the trial court and will not be reversed absent a showing of plain and palpable abuse. Hay-good. In view of the conflicting evidence, we cannot hold that the trial court committed such an abuse when it credited the father’s support against the amount of ar-rearage, nor can we hold that the trial court’s judgment on this matter was plainly and palpably wrong or unjust. Consequently, there were no grounds for the trial court to find the father in contempt.
Next, the mother contends that the trial court erred in denying her motion for an increase in child support.
Where evidence is presented ore tenus in matters concerning child support, the trial court’s judgment is presumed cor *1292 rect and will be reversed only upon a showing that it abused its discretion or that its determination is plainly and palpably wrong. Snyder. The trial court held:
“The mother did testify that it was costing her more to support the child at this time than at the time of the divorce. However, there was no evidence as to the amount of the increased cost of support, and the evidence did not establish a sufficient change in circumstances to justify a modification. On this issue the mother’s motion is denied.”
The mother testified that the son was 15 years old; that his needs have increased; that he ate more; that his clothes are more expensive; and that he requires other extraordinary expenses. However, the record reflects that the mother provided no evidence as to the amounts of any increased costs. The mother’s tax return and the father’s pay stub, contained in the record, indicate that each of them earn approximately the same in annual salaries. The record reflects that the trial court inquired about a child support guideline form, but one does not appear in the record. As previously noted, the father is now ordered to pay $125 per month for one child, whereas the original divorce decree provided that he pay $125 per month for both children.
After a careful review of the record evidence that was before the trial court, we cannot hold that the denial of the mother’s motion to increase the amount of the father’s child support obligation was an abuse of discretion or that it was plainly and palpably wrong.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
The father’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.