L. CHARLES WRIGHT, Retired Appellate Judge
In May 1989 John Dobbins was ordered to pay $145 per month in support of a child he had fathered with Pamela Briley. In April 1993 the state of Alabama, on behalf of the mother, filed a petition for modification of support and a request that the court find the father in arrears in his support obligation. Following oral proceedings, the court increased the father’s support obligation and ordered him to pay $1,700 in arrearage.
The state appeals and asserts that the court erred in its computation of arrearage and in its failure to award interest on the past due amounts.
Due to certain circumstances, the parties agreed to a bifurcated hearing. The father testified in May 1993. At that time the parties stipulated that the father owed $2,109 in past due child support and that interest owed on that amount equaled $518.83. The parties further agreed that the father owed $129 in arrearage to the state, with interest on that amount due at $125.85.
The mother presented her case in June 1993. A Department of Human Resources employee testified in order to bring the amount of arrearage up to date. Her testimony was that the amount due the state was $129, with interest due of $127.13. The past due child support debt had risen to $2,254, with an interest due of $539.76. Her testimony was undisputed.
The court found that the father owed $1,700 in past due child support. It did not award any interest on that amount. The court’s order was silent as to the amount of arrearage and interest due the state.
Child support payments become final judgments on the date they are due and are immune from change. Logue v. Jordan, 598 So.2d 997 (Ala.Civ.App.1992). One may defend against an action for the collection of past due child support payments by showing payment or discharge. Logue.
The determination of arrearage by the trial court will not be disturbed on appeal unless it is unsupported by the evidence and is plainly erroneous and manifestly unjust. Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App.1980).
The father did not attempt to show payment or discharge. The amount of past due child support owed to the mother and to the state was undisputed. The judgment contains no indication of how the court determined the amounts that it did. The court’s calculation of arrearage has no support in the evidence. It is due to be reversed.
The judgment of the trial court is reversed and the cause remanded. The court is directed to enter a judgment awarding the mother and the state the amount of the undisputed arrearage proved at trial. The court is further directed to ascertain and to enter a judgment for the amount of interest due under Alabama law on the past due child support. Motley v. Motley, 505 So.2d 1228 (Ala.Civ.App.1986); § 8-8-10, Code 1975.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
*933 REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.