L. CHARLES WRIGHT, Retired Appellate Judge.
The mother and father were divorced in 1980. Incorporated into the divorce decree was an agreement for the support of the parties’ minor child. Specifically, the father was ordered to pay the mother $200 per month as child support. The father further agreed to pay to the mother as “additional child support, twenty-five (25%) percent of any increase which he may receive in his net pay.”
In July 1993 the mother filed a petition, alleging, among other things, that the father had not complied with the “additional child support” provision contained in the divorce decree. She requested that the court enforce the provision and assess arrearages accordingly.
Following a hearing on the matter, the trial court refused to find the father in arrears. It determined that “the evidentiary blanks attributable to both the mother and the father make a determination of the amount due and owing a matter of guesswork, which is not the evidentiary standard.”
The mother appeals and asserts that the trial court erred in refusing to assess arrear-ages.
*133 Lisa Patterson, a certified public accountant, testified on behalf of the mother. Patterson calculated the 25% increase in the father’s net income for the years 1982-1992. The father’s income for 1980 was not available. Patterson began her calculations by using the father’s 1981 net income as the base figure. She testified that she used the standard accounting method to determine the father’s net income — that is, “gross wages less federal withholding, social security, and state withholdings.” Patterson testified that the additional child support owed by the father was $25,205.49. She deducted $4,981.00, a figure depicting the father’s unilateral increase in child support, and arrived at a balance owing of $20,224.49. The father did not dispute Patterson’s calculations.
The father testified that he had never paid the “additional child support” payments as provided in the 1980 decree of divorce. The father volunteered that he and the mother had reached an agreement that he would increase his monthly child support payments by $10 per month each year.
Child support payments become final judgments on the date they are due and are immune from change. Logue v. Jordan, 598 So.2d 997 (Ala.Civ.App.1992). One may defend against an action for the collection of past due child support payments by showing payment or discharge. Logue.
The determination of arrearage by the trial court will not be disturbed on appeal unless it is unsupported by the evidence and is plainly erroneous and manifestly unjust. Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App.1980).
The father did not show payment or discharge. Instead, he insists that the parties’ subsequent agreement, wherein he agreed to pay an additional $10 per month per year, supplanted the 1980 “additional child support” agreement. He further suggests that the 1980 agreement was “unconscionable” and, therefore, unenforceable.
We find no basis in law for the father’s assertions. Parents cannot nullify a child support order by mutual agreement. Snyder v. Snyder, 579 So.2d 671 (Ala.Civ.App.1991). Assuming there was such an agreement between the parties, it would simply be a nullity. Snyder.
Escalated child support obligations are not favored in this state. Morrison v. Kirkland, 567 So.2d 363 (Ala.Civ.App.1990). The escalated child support obligation in this instance, however, was the product of the parties’ agreement, which was incorporated into the decree of divorce. Agreements between the parties reached in divorce actions are as binding on the parties as any other contract. Borders v. Borders, 597 So.2d 1373 (Ala.Civ.App.1992). Such agreements will not be set aside “except for fraud, collusion, accident, surprise or some other ground of this nature.” Brocato v. Brocato, 332 So.2d 722 (Ala.1976). The father failed to prove that the agreement made the basis of the court’s order was the product of any of these. The agreement was binding.
The mother presented undisputed evidence as to the amount of support owed. We find that she is entitled to payment. Because the trial court failed to find the father in arrears, it did not consider any credits that the father may have obtained to offset the arrearage. The case is remanded to the trial court for it to determine if the father is entitled to any credits.
In its finding the trial court relied heavily upon the parties’ failure to comply with the terms of their agreement as to the tax benefits arising from the child. That reliance was misplaced. The tax benefits have nothing to do with the support owed the child.
The judgment of the trial court is reversed. The cause is remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.[1]
*134 REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.

. This case was transferred to the author of this opinion on July 18, 1994.