MONROE, Judge.
This is a child support and postminority support case.
The parties were divorced in 1977, and custody of their minor son was granted to Emma Jean Scott Osborne, the mother. Richard Osborne, the father, was required to pay $35 per week in child support. In August 1979, the father was ordered to pay the weekly support payments plus $1,820 in ar-rearage. In 1982, the father was again found to be in arrears in his child support payments; the court ordered him to pay $2,650 in arrearage and to increase his support payments to $50 per week beginning in November 1983.
The present proceeding against the father was brought on May 27, 1992, when the mother filed a complaint requesting the trial court to order the father to show cause why he should not be held in contempt for nonpayment of child support. The complaint also sought to modify the previous order by increasing child support under the child support guidelines and by requiring payment of postminority support.
After a hearing, the trial court found the father to be $2,650 in arrears in his child support obligation and ordered him to pay that amount to purge himself of contempt. The court denied the mother’s petition for postminority support on the ground that the petition was not timely filed. The mother appeals.
The mother first argues that the trial court erroneously denied her petition for postminority support for her son’s educational expenses because, she asserts, the trial court incorrectly concluded that the petition was untimely filed. We agree.
The ease law is clear that a trial court may order postminority support for the education of a child of a dissolved marriage when application is made for the support before the child attains the age of majority. Ex parte Bayliss, 550 So.2d 986 (Ala.1989); Baggett v. Foster, 622 So.2d 350 (Ala.Civ.App.1992); Eastis v. Bredehoft, 599 So.2d 53 (Ala.Civ.App.1992). The record discloses that the parties’ son was born in January 1974. He would have attained the age of majority in January 1993, when he reached his 19th birthday. § 26-1-1, Ala.Code 1975. The mother filed the complaint requesting post-minority educational support on May 27, 1992, before the son reached the age of majority. Therefore, the trial court’s denial of the petition for educational support, based on the erroneous ruling that the petition was untimely, was in error.
Our Supreme Court has held that when an application is made for postminority educational support the trial court “shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child’s commitment to, and aptitude for, the requested education.” Ex parte Bayliss, supra, at 987 (emphasis in original). On remand, the trial court is to consider the evidence presented on this issue.
The mother further contends that the trial court erroneously determined that the father’s arrearage was $2,650; she contends that the actual arrearage is much higher. She correctly asserts that past-due installments of child support are final judgments and that a trial court may not modify, release, or discharge an obligation to pay child support once that obligation matures. State ex rel. Brown v. Handley, 628 So.2d 726 (Ala.Civ.App.1993). Thus, the trial court was without authority to require the father to pay anything less than the full amount of the child support arrearage. However, a trial court’s determination of a child support arrearage will not be reversed by this court unless it is unsupported by the evidence, plainly erroneous, and manifestly unjust. State Dep’t of Human Resources ex rel. Bri *474 ley v. Dobbins, 628 So.2d 931, 932 (Ala.Civ.App.1993).
The trial testimony contained in the record is not entirely clear as to the exact amounts the father was required to pay at different times. However the parties agree that the father was required to pay $35 per week from the time of the divorce until November 14, 1983, when he was required to increase the payments to $50 per week. The parties also agree that all payments were made through the court and that the mother received no assistance other than those payments. The mother introduced into evidence a schedule containing the record of all payments made from August 22, 1979, through December 17, 1992. Based on that schedule of payments, this court’s calculation of the total payments shows that the father underpaid his child support obligation by an amount much greater than the $2,650 arrear-age that the trial court ordered the father to pay. The trial court gave no indication of how it arrived at that $2,650 arrearage, and its order establishing the arrearage is not supported by the evidence. That portion of the court’s judgment establishing an arrearage is therefore due to be reversed. Dobbins, supra, at 932. On remand, the trial court is instructed to recalculate the total amount of child support arrearage due.
The judgment of the trial court is reversed, and the cause is remanded with instructions.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.