L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced by the Marshall County Circuit Court on July 21, 1989. The divorce judgment ratified an agreement of the parties, which specified that the mother would receive custody of the minor daughter, that the father would receive custody of the minor son, and that each party would have certain visitation rights. The trial court ordered the father to pay $40 per week child support.
On July 26,1992, the father filed a petition, seeking custody of the minor daughter, child support, post-minority educational support, and an attorney fee. On April 6, 1993, the parties filed a joint motion to dismiss; the father’s petition was dismissed without prejudice. On March 25,1994, the parties entered into a written agreement, which provided that the mother would not initiate any court proceedings for past due child support and that the father would not initiate any court proceedings for child support for the son.
On July 20, 1995, the mother filed a petition for rule nisi, alleging that the father was $7,120 in arrears in his child support obligation. Following oral proceedings, the trial court entered a judgment in favor of the father, stating that the parties’ March 25, 1994, agreement was “a complete release of past due child support.” The mother filed a motion to alter, amend, or vacate the judgment, which the trial court denied.
The mother appeals, contending that the trial court erred in finding that the parties had released the father’s child support obligation.
A child support payment becomes a final judgment on the date it is due. That judgment is not subject to change. Spry v. Ikerd, 646 So.2d 131 (Ala.Civ.App.1994); Logue v. Jordan, 598 So.2d 997 (Ala.Civ.App. 1992). One may defend against an action for the collection of past due child support payments by showing payment or discharge. Id.
Both the mother and the father testified that they lived together numerous times between July 1989 and January 1991. Both testified that the minor daughter lived with the father during her senior year in high school. The father purchased a car for the daughter. Later, the mother agreed to reimburse the father for a portion of the purchase price of the car. The mother paid the father $250 toward the purchase price of the daughter’s car, but rather than reimbursing the father, the mother spent $1,000 on the daughter. The remainder of the parties’ testimony is conflicting. The mother testified that, except for nine months, the daughter lived with her until the daughter reached the age of majority. The mother also testified that the father had paid child support for only two months. The mother denied that the daughter lived with another woman from March 1991 until August 1991, stating that both she and the daughter lived with a female friend from March 1991 until August 1991.
The father testified that the daughter lived with him during her senior year in high school and that the daughter lived with him sporadically before her senior year. He also testified that the daughter lived with him from August 1991 until August 1993, that the daughter then went to live with the mother for approximately two months, and that the daughter went to live with friends after she moved out of the mother’s home.
The father testified that he paid the mother child support while the mother and daughter lived together outside of his home. He produced documents showing that he made four child support payments to the mother and one child support payment to the daughter. The father also testified that when the daughter lived with her mother or other individuals, he normally gave the daughter $120 per month.
Both parties admitted signing the March 25,1994, written agreement. The father testified that he and the mother entered into the agreement to keep either party from owing child support to the other party.
We do not decide whether a mutual agreement may release or waive payment of past due child support because, in this ease, the father presented evidence of payment and discharge of his child support obligation. Our supreme court has held that the judgment of a trial court will be affirmed if the *130 court reached the correct result, even if the court gave the wrong reason. Morrison v. Franklin, 655 So.2d 964 (Ala.1995); Harmon v. Harmon, 598 So.2d 963 (Ala.Civ.App.1992). The record supports the judgment that the father is not in contempt for failing to pay the past due child support because he established by the evidence that there had been payment or discharge. Spry and Logue, supra. Accordingly, we conclude that the trial court reached the correct result even if it gave the wrong reason for its judgment.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.